MARRA *v.* CLAPP.

[No. 870S174. Filed October 14, 1970. No petition for rehearing filed.]

*Ronald R. Fifer, Fifer, Vogt, Hoodenpyl & Lanum,* of Jeffersonville, for appellant.

*Owen Voigt, Harry Paynter,* of Jeffersonville, for appellee.

ARTERBURN, J.—This is an appeal from the Clark Circuit Court in a case in which the contestor was one of ten candidates for the nomination for sheriff in the Democratic primary in that county. Contestor, the appellant here, was defeated by the contestee by 39 votes and the contestee was declared the winner. There were 8 other candidates who trailed far below the contestor and the contestee in the votes they received. The appellant as contestor filed his petition to contest the election, asking for a recount in all the precincts in Clark County. The contestee answered that the court lacked jurisdiction over the subject matter because the contestor failed to file a proper petition, having named in the title thereof only George E. Clapp as a contestee. The petition, however, stated in the body the names and addresses of all the candidates in the election contested and a summons and a copy of the petition were issued by the Clerk of the Clark Circuit Court for service upon all the candidates.

The trial court dismissed the appellant's petition for lack of jurisdiction over the subject matter by reason of the failure of the appellant to name as parties all the candidates involved in the election contested.

The procedure for an election contest and for a recount of votes is purely a statutory proceeding, and as we have said many times, one following a statutory proceeding must bring himself strictly within the terms thereof. *State ex rel. Howard* v. *Lake C. C. et al.* (1954), 233 Ind. 459, 121 N. E. 2d 647; *Martin* v. *Schulte* (1932), 204 Ind. 431, 182 N. E. 703.

There appear to us to be two clear-cut decisions decisive of the case we have before us. This Court has on each occasion held that to give the court jurisdiction a petition for a recount of votes in an election contest must name specifically as parties all candidates involved in the election for that particular office.

In *State ex rel. Wever* v. *Reeves* (1950), 229 Ind. 164, 174, 96 N. E. 2d 268, 272, this Court stated:

"It is conclusively shown that at the election of which complaint is made, Henry W. Bosse and Charles C. Schreiber were each candidates for the same offices as contestor, Verone Marie Rieber, and that neither of them were made either a petitioner or a defendant in the petition for recount or the petition for contest. This was a defect which left respondents without jurisdiction to act on either paragraph of the petition as to such contestor."

This position was followed again in *State ex rel. Howard* v. *Lake C. C. et al.* (1954), 233 Ind. 459, 462, 121 N. E. 2d 647, 649, in which the Court stated:

"Section 29-5405, Burns' 1949 Replacement (Acts 1945, Ch. 208, § 328), provides in part that 'Each such petition shall state the office and the precinct or precincts within the county in respect of which the petitioner desires a recount; . . . the name and postoffice address of petitioner's opposing candidate or candidates; . . .' In *State ex rel. Wever* v. *Reeves* (1954), 229 Ind. 164, 96 N. E. 2d 268, we held the failure to name all candidates for the office as parties to the petition failed to confer upon the court jurisdiction of the subject matter."

In the latter case a cross-petition was filed by relator, Johnnie L. Howard, naming as parties 14 other candidates. The contestor Pavlon in that case, by separate praecipe, ordered summonses issued for the relator Howard and the other 14 candidates. This Court held, nevertheless, that neither the cross-petition by Howard nor the summonses ordered issued by Pavlon on his praecipe were sufficient to give the court jurisdiction. The court declared such proceedings void and the court to be without jurisdiction.

■ Burns' Indiana Stat. Anno. § 29-5504 (a) states, in part:

"Any person desiring to contest any election . . . shall file, in the office of the clerk of the circuit court of the proper county, his petition setting out that he desires to contest such election, stating the names of all persons who

were candidates at such election for the office involved, and specifying therein some one or more of the grounds of contest. . . ."

This statute must be interpreted in conformity with Trial Rule 10(A) which specifically says the title of an action shall include the names "of all parties," and reads as follows:

"10(A) *Caption—Names of parties.* Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(A). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."

Appellant cites Trial Rule 4(A), which pertains only to personal jurisdiction over the parties and has no application here, since we are dealing with jurisdiction over the subject matter fixed by a statutory proceeding.

The judgment of the trial court is affirmed.

Hunter, C.J., Jackson, Givan and DeBruler, JJ., concur.

NOTE.—Reported in 262 N. E. 2d 630.