STATE OF INDIANA ON THE RELATION OF RUTH ANNA YOUNG *v.*
THE NOBLE CIRCUIT COURT, JOHN C. HAGEN, REGULAR JUDGE
OF THE NOBLE CIRCUIT COURT, HOWARD G. HECKNER, JUDGE
PRO TEM OF THE NOBLE CIRCUIT COURT AND RICHARD KUSTER,
JUDGE PRO TEM OF THE NOBLE CIRCUIT COURT.

[No. 1274S252. Filed August 6, 1975.]

*Howard E. Petersen,* of LaGrange, *Louis G. Ketcham,* of Albion, for relatrix.

*R. Stan Emerick,* of Kendallville, *Virginia D. McCarty,* of Indianapolis, for respondents.

HUNTER, J.—On December 24, 1974, this Court issued an alternative writ of prohibition at the instance of relatrix Ruth Anna Young. The writ restrained the Noble Circuit Court, The Honorable John C. Hagen, regular judge of the Noble Circuit Court, and several judges pro tempore of that court from taking further action in the matter of a recount petition filed by Jack E. Reidenbach. Upon consideration of respondents' return and relatrix's brief, we dissolve the alternative writ.

Relatrix Young, by official canvass of votes cast on November 5, 1974, was declared the victorious candidate in the race for auditor of Noble County. The only other candidate, Jack E. Reidenbach [hereinafter called Reidenbach] sought a recount pursuant to Ind. Code § 3-1-27-1, Burns § 29-5401 (1969 Repl.) which provides:

"—Any candidate for any public office voted upon at any election held within the state of Indiana shall have the

right to have the votes cast for the office for which he was a candidate recounted in any voting precinct or precincts in any county or counties, as the case may be, under the conditions and in the manner and with the effect as in this article provided."

The General Assembly, recognizing that the orderly transition of governmental power is facilitated by the early resolution of election disputes, has required that such petitions be filed within fifteen days after the polling date. Ind. Code § 3-1-27-3, Burns § 29-5403 (1969 Repl.). Reidenbach's petition was timely filed on November 19, 1974.

The contents of a recount petition are governed by Ind. Code § 3-1-27-5, Burns § 29-5405 (1969 Repl.), which provides:

"Each such petition shall state the office and the precinct or precincts within the county in respect of which the petitioner desires a recount; that he was a candidate at such election for such office and that the office was voted upon in the precinct or precincts specified; *the name and post-office address of petitioner's opposing candidate or candidates;* that the petitioner in good faith believes that either through mistake or fraud the votes cast for such office at such election in such precinct or precincts were not correctly counted and returned; that the petitioner desires to contest said election in respect of said office, or that the petitioner desires to prepare for a contest in respect of such office which he has reason to believe will be instituted against him; and that he desires a recount of all of the votes cast for such office in such precinct or precincts. The term 'contest' as used in this section shall include all forms of contest herein or hereafter recognized as appropriate means for contesting title to a public office. The court in which such petition is filed or the judge thereof in vacation may allow such petition to be amended at any time upon such terms and conditions as the court or judge may order." [Emphasis added.]

Reidenbach's petition was captioned "In the Matter of the Petition of Jack E. Reidenbach for a Recount of Votes." It contained all averments required by Ind. Code § 3-1-27-5, Burns § 29-5405 (1969 Repl.). On receipt of a copy of the petition, relatrix Young filed a motion to dismiss for lack of subject matter jurisdiction, premised upon this Court's

unanimous decision in *Marra* v. *Clapp*, (1970) 255 Ind. 97, 262 N.E.2d 630. In *Marra*, the Court held that language in the election *contest* statute,[1] similar to the italicized portion of the recount statute set out above, required dismissal for *lack of subject matter jurisdiction*, where the petition contained in the body thereof "the names of all persons who were candidates," as prescribed by the statute, but the caption of the petition failed to name each of the contestees as party defendants.

In response to the motion to dismiss, Reidenbach filed on November 22, a motion to amend his petition and submitted therewith a petition identical to the first petition, but captioned:

> "JACK E. REIDENBACH,
>
> Petitioner
>
> vs.
>
> "RUTH ANNA YOUNG,
>
> Respondant" [sic].

On November 26, the motion to dismiss was granted and the motion to amend was denied. Thereafter, a number of events transpired which had the effect of reversing the determination made on November 26, and led to this original action.

In reviewing the *Marra* decision, we are constrained to consider the meaning of subject matter jurisdiction. Subject matter jurisdiction refers only to the power of a court to hear and decide a particular class of cases. The only relevant inquiry in determining whether any court has subject matter jurisdiction is to ask whether the kind of claim which the plaintiff advances falls within the general scope of the authority conferred upon such court by the constitution or by statute. *Brown* v. *State*, (1941) 219 Ind. 251, 37 N.E.2d 73. This determination uniformly entails

---

1. Ind. Code § 3-1-28-4, Burns § 29-5504 (1969 Repl.).

an examination of the jurisdictional grant and does not, in the ordinary case, turn upon technical intricacies of pleading.[2]

An affirmative decision that a court has subject matter jurisdiction carries with it profound implications for the litigants.

> ". . . [T]he power to decide at all, necessarily carries with it the power to decide wrong as well as right. In the present imperfect state of human knowledge, a power to hear and determine, necessarily carries with it a power which makes the determination obligatory, without any reference to the question of whether it was right or wrong. If this were not so, the judgment or determination of any Court would be of no particular value." *Snelson* v. *State*, (1861) 16 Ind. 29, 32-33.

Such awesome power may not be conferred by mere consent of the parties, *Indiana Real Estate Comm'n.* v. *Blue*, (1963) 135 Ind. App. 121, 190 N.E.2d 32, and the lack of subject matter jurisdiction may be, and if then noted by the court must be, raised for the first time on appeal. *Wedmore* v. *State*, (1954) 233 Ind. 545, 122 N.E.2d 1.

With these principles in mind, we conclude that Reidenbach's petition for recount was not subject to dismissal for lack of subject matter jurisdiction and any decisions inconsistent with this holding are hereby overruled. The reason for our holding is obvious. In determining whether the Noble Circuit Court had subject matter jurisdiction of election recount petitions, it is necessary only to examine the jurisdictional grant expressed in Ind. Code § 3-1-27-3, Burns § 29-5403 (1969 Repl.). The statute provides:

---

2. As Dean Gavit cogently expressed the concept:

". . . [T]he trial courts of this state have general jurisdiction to try any case presented whether the case is presented in conformity to the pleadings or at variance with them. Thus procedural defects which were regarded as jurisdictional in any proper sense of the word, and the common-law decisions in this field are without any weight either as precedents or as proper analogies."

1B. Gavit, INDIANA PLEADING AND PRACTICE 742 (2d ed. 1950).

"The candidate desiring a recount of votes shall file a verified petition . . . in the circuit or . . . superior court of the county . . . in which is located . . . the voting precinct or precincts in which he desires a recount * * * ."

Reidenbach's petition was addressed to the Noble Circuit Court and sought a recount of Noble County Precinct No. 20. No further information was required to properly invoke the subject matter jurisdiction invested in the circuit court by Ind. Code § 3-1-27-3, Burns § 29-5403 (1969 Repl.).

The question remains, however, whether Reidenbach's improperly captioned petition was subject to dismissal. The answer, under the *Marra* decision, is most assuredly yes. From the foregoing it will be observed that the basis for such dismissal is *not* lack of subject matter jurisdiction. It is a familiar principle that one who seeks the benefit of a statutory proceeding must comply with all procedural terms of the statute. *State ex rel. Wilson* v. *Howard Cir. Ct.*, (1957) 237 Ind. 263, 145 N.E.2d 4. Failure to comply with such niceties will subject the complaint or equivalent pleading such as the petition herein to dismissal for failure to state a claim pursuant to Ind. R. Tr. P. 12(B)(6). When such dismissal is granted, the pleading may be amended once as of right pursuant to Ind. R. Tr. P. 15(A) within ten days after service of notice of the court's order sustaining the motion. Ind. R. Tr. P. 12(B)(8).

In this case, Reidenbach sought leave to amend his petition pursuant to Ind. R. Tr. P. 15(C), which provides:

"(C) RELATION BACK OF AMENDMENTS. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment "(1) has received such notice of the institution of the

action that he will not be prejudiced in maintaining his defense on the merits, and

"(2)   knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him."

A review of a substantial body of federal case law indicates a liberal interpretation of the change of party provision of F.R.C.P. 15(c). 6 Wright and Miller, FEDERAL PRACTICE AND PROCEDURE, § 1498, n. 93; 3 Moore, FEDERAL PRACTICE, par. 15.15, p. 1039. "The word 'changing' has been liberally construed by the courts, so that amendments simply adding or dropping parties, as well as amendments that actually substitute defendants, fall within the ambit of the rule." Wright and Miller, *supra*. While we have found no cases in the authorities referred to which allowed a change of a party defendant where no party defendant was originally named in the caption, nevertheless, we believe that Ind. R. Tr. P. 15(C) is properly applicable to the case at bar. In *Meredith* v. *United Air Lines*, (S. D. Cal., 1966) 41 F. R. D. 34, 41, after an extensive review of decisions involving F. R. C. P. 15(c), the court concluded that:

".  .  .   all of them rest on essential considerations of fairness and represent holdings that a new defendant may be brought into the case after the statute has run against him, if under all of the circumstances it it [sic] fair to do so."

Recognizing that the primary purpose of a statute of limitation is to insure that parties are given formal and seasonable notice that a claim is being asserted against them, the court in *Snoqualmie Tribe of Indians ex rel. Skykomish Tribe of Indians* v. *U.S.*, (1967) 372 F. 2d 951, 960 stated that:

".  .  .   [T]he inquiry in a determination of whether a claim should relate back will focus on the notice given by the general fact situation set forth in the original pleading."

In this case, relatrix received a copy of the recount petition, filed within the limitation period. The occurrence giving rise to the petition was the general election of November 5, 1974,

Relatrix was placed on notice that her interests might be adversely affected in the recount proceeding by the appearance of her name within the body of the petition as an opposing candidate. That such notice was sufficient to protect relatrix in the maintenance of her defense is evidenced by her filing of a motion to dismiss and, in the alternative, her cross-petition for recount. Additionally, we note that the class of potential defendants to an election recount petition is closed and certain by virtue of filing requirements and the tally of votes, both events which occur prior to the filing of a recount petition. On the basis of the notice received by relatrix, under the circumstances of this case, the amendment adding relatrix as a party defendant was entirely proper under Ind. R. Tr. P. 15(C) and relates back to the filing of the original recount petition.

The alternative writ is dissolved and the permanent writ is denied. The recount shall proceed forthwith upon the amended petition of Jack E. Reidenbach and upon the cross-petition of Ruth Anna Young.

Givan, C. J., Arterburn, DeBruler and Prentice, JJ., concur.

NOTE.—Reported at 332 N.E.2d 99.