**STATE of Indiana ex rel. Paul E. HODGES, Relator,**

v.

**KOSCIUSKO CIRCUIT COURT and Douglas B. Morton, as Special Judge of Kosciusko Circuit Court in Cause No. C–79–420, Respondents.**

**No. 1279S346.**

Supreme Court of Indiana.

April 3, 1980.

William M. Evans, Bose & Evans, Indianapolis, David M. Whitesell, Warsaw, for relator.

Robert F. Wagner and William Julian, II, Lewis, Bowman, St. Clair & Wagner, Indianapolis, for respondents.

GIVAN, Chief Justice.

On November 21, 1979, petitioners Harvey Dale Tucker and John Kleeman filed a "Petition to Recount Votes and Contest Election", questioning the election of relator Hodges to the Office of Mayor of the City of Warsaw, Indiana, and the election of Phillip J. Roy, as Councilmember-at-large of the City of Warsaw, in the general election held November 6, 1979.

Petitioners signed the petition on November 12, 1979. Their attorneys did not sign this petition nor did their names appear on the petition. The petition, which was not filed until November 21, 1979, was not verified in that there was no statement that the representations made in the petition were true.

Relator filed his motions to dismiss Counts I and II of the petition on November 29, 1979, alleging lack of verification as the first grounds in support of his Motion. On December 6, 1979, the respondent court denied relator's motion to dismiss. This Court issued a Temporary Writ of Prohibition and Alternative Writ of Mandate on December 12, 1979, ordering respondents, Kosciusko Circuit Court and Douglas B. Morton, as Special Judge thereof in Cause No. C–79–420, to refrain from exercising further jurisdiction in said cause and from enforcing its December 6, 1979, order denying relator's motion to dismiss Counts I and II of the petition. We hereby make that Temporary Writ of Prohibition and Alternate Writ of Mandate permanent.

█ The question presented is whether the jurisdiction of a trial court is effectively invoked under the provisions of IC § 3–1–27–3 [Burns 1976] (recount statute) or IC § 3–1–28–4 [Burns 1976] (contest statute) and Indiana Trial Rule 11(B) where two unsuccessful candidates petition to recount the votes and contest the election but fail to verify that the allegations and statements in the petition are true.

IC § 3–1–28–4 and IC § 3–1–27–3 explicitly require "verification" of a petition to recount or contest. The petition in the instant case was not verified. While petitioners swore that they made certain statements, they did not swear that the statements they made were true. "Verification" is defined in Indiana Trial Rule 11(B):

"(B) *Verification by affirmation or representation.* When in connection with any civil or special statutory proceeding it is required that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified, or that an oath be taken, it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language:

'I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.

'(Signed)_____'

Any person who falsifies an affirmation or representation of fact shall be subject to the same penalties as are prescribed by law for the making of a false affidavit."

This language has been interpreted to require the affiant to represent the statements made in a pleading or notice, which is required to be verified, are true. *Aetna Glass Corp. v. Mercury Builders, Inc.*, (1969) 145 Ind.App. 286, 250 N.E.2d 598. This Court has held that "[v]erification . . . includes both the actual swearing to the truth of the statements by the subscriber and also the certification thereto by the notary or other officer authorized by law to administer oaths." *Gossard v. Vawter*, (1939) 215 Ind. 581, 584–86, 21 N.E.2d 416, 417, quoting *In re James Passero & Sons*, (1933) 237 App.Div. 638, 216 N.Y.S. 661, 663.

The jurisdictional requirement of the contest statute, IC § 3–1–28–4 provides in pertinent part:

"Such petition shall be verified by the contester and shall be filed within fifteen (15) days after the day on which the election is held."

In *Marra v. Clapp*, (1970) 255 Ind. 97, 262 N.E.2d 630, a case involving the same jurisdictional statute, this Court stated that "[t]he procedure for an election contest and for a recount of votes is purely a statutory proceeding, and as we have said many times, one following a statutory proceeding must bring himself strictly within the terms thereof." *Marra v. Clapp, supra*, 255 Ind. at 98, 262 N.E.2d at 630. The contestor in *Marra* failed to file a proper petition, and we affirmed the trial court's dismissal of the "petition for lack of jurisdiction over the subject matter by reason of the failure of the appellant to name as parties all the candidates involved in the election contested." *Marra v. Clapp, supra*, 255 Ind. at 98, 262 N.E.2d at 630. Since the petition in the instant case was not verified, it does not conform in all respects to the jurisdictional section of the contest statute.

Pursuant to IC § 3–1–27–3

"[t]he candidate desiring a recount of votes shall file a verified petition . . ; such petitions for the recount of votes cast at an election shall be filed within fifteen (15) days after the day on which such election was held."

This Court held this section to be the "jurisdictional grant" section of the recount statute. *State ex rel. Young v. Noble Circuit Court*, (1975) 263 Ind. 353, 357, 332 N.E.2d 99, 102.

Petitioners argue that they should be allowed to amend their petition and remedy the jurisdictional defect. Although a petition to recount or contest an election may be amended and although that amendment would relate back to the time of the original filing, the court must initially have jurisdiction within the time limits for bringing the action which is prescribed by the appropriate statutes. *State ex rel. Young v. Noble Circuit Court, supra*. Where, as here, the filing deadline has expired, the petition cannot be amended to correct the jurisdictional defects. *Gossard v. Vawter*, (1939) 215 Ind. 581, 586, 21 N.E.2d 416, 417.

We, therefore, hold that a petition to recount votes under IC § 3–1–27–3 and a petition to contest an election under IC § 3–1–28–4 must be verified. Further, such petitions may not be amended after the filing deadline to conform with the jurisdictional requirements of the statutes.

Our Temporary Writ to the respondent court is hereby made permanent and that court is ordered to grant relator's motion to dismiss the petition.

DeBRULER, HUNTER and PIVARNIK, JJ., concur.

PRENTICE, J., not participating.