Nancy KRAFT, Appellant–Plaintiff,

v.

Charles KING, Ken McIntyre, Gary Meredith and Richard Riggle, Appellees–Defendants.

No. 10A04–9108–CV–262.

Court of Appeals of Indiana, Fourth District.

Jan. 30, 1992.

John A. Kraft, Young, Lind, Endres & Kraft, New Albany, for appellant-plaintiff.

John W. Doehrman, Jeffersonville, for appellees-defendants.

CONOVER, Judge.

Plaintiff–Appellant Nancy Kraft (Kraft) appeals the dismissal of her "Verified Petition (Complaint) For Contest of Election."

We affirm.

Kraft raises the following restated issues for our review:

1. whether the trial court erred in dismissing her petition; and

2. whether the trial court erred in denying her motion to amend her petition.

Kraft, Charles King, Ken McIntyre, Gary Meredith, and Richard Riggle were each Democratic primary candidates for the Office of District Five Town Council for the Town of Clarksville, Clark County, Indiana. The primary election was held on May 7, 1991. King was declared the winner by seven votes.

■ Kraft timely filed her petition with the Clerk of the Clark Circuit Court. The petition stated that Kraft instituted her suit *pursuant to* IND.CODE 3–12–8–1 *et seq.* Paragraph 5 of the petition also stated:

> That the results of the election, declaring Charles King the winner in the precinct(s) of District Five (5), were procured through irregularity, mistake, fraud and misconduct by the precinct election board and the candidate, Charles King, and by reason of the misconduct, mistake, fraud and/or irregularity it is

impossible to determine which candidate received the highest number of votes. (R. 2–3).

In response to the petition, King filed a motion to dismiss for lack of jurisdiction and/or failure to state a claim. Following a hearing, the trial court granted the motion to dismiss. The trial court did not specify which of the two grounds asserted in the motion formed the basis for the dismissal.

Kraft responded to dismissal with a motion to amend her petition. The trial court denied this motion. This appeal followed.

Kraft first contends her petition was sufficient to comply with the requirements set forth in IC 3–12–8–1 *et seq.* We disagree.

IC 3–12–8–6 establishes the requirements of a petition under chapter 8 of the election statutes. In pertinent part, Section 6 states:

> (a) A petition filed under section 5 of this chapter must state the following:
>
> (1) That the petitioner desires to contest the nomination or election to an office.
>
> (2) The name and address of each candidate at the election for the office involved.
>
> (3) That the petitioner in good faith believes that:
>
> (A) the person declared nominated or elected does not comply with a constitutional or statutory requirement applicable to a candidate for the office;
>
> (B) a mistake was made in the printing or distribution of ballots that makes it impossible to determine which candidate received the highest number of votes cast in the election;
>
> (C) a mistake occurred in the programming of a voting machine or an electronic voting system, making it impossible to determine the candidate who received the highest number of votes; or
>
> (D) a voting machine or an electronic voting system malfunctioned, making it impossible to determine the candidate who received the highest number of votes.

■ The language used in a petition for an election contest pursuant to IC 3–12–8–1

*et seq.* need not parrot the language of the statute. *See, Taylor v. Burton* (1973), 157 Ind.App. 267, 299 N.E.2d 848, 850. However, the petition for an election contest under these statutes must strictly comply with the requirements of the statute in order to invoke the jurisdiction of the trial court. *Marra v. Clapp* (1970), 255 Ind. 97, 262 N.E.2d 630. Failure to comply with the requirements of the statutes will result in dismissal. *Marra, supra.* (Failure to list the names of the defendants in the caption of the complaint results in dismissal); *Young v. Noble Circuit Court* (1975), 263 Ind. 353, 332 N.E.2d 99 (An improperly captioned petition is subject to dismissal); *Hodges v. Kosciusko Circuit Court* (1980), 273 Ind. 101, 402 N.E.2d 1231 (An unverified petition to recount votes and to contest election may be dismissed); and *Bodine v. Hiler* (1984), Ind.App., 463 N.E.2d 539 (The filing of a petition to contest an election is controlled by election statutes and petitions may be dismissed as untimely under those statutes).

IC 3–12–8–6 states that a petition filed under chapter 8 *must* state one of the grounds listed in subsection 3. In the present case, Kraft argues the use of the word "mistake" in Paragraph 5 brings her petition within the requirements of IC 3–12–8–6(a)(3)(B). However, even a cursory reading of the petition reveals Kraft's case was based on the alleged wrongdoing of King or the county board rather than on the statutory ground of irregularity in the printing or distribution of ballots, programming error, or voting machine malfunction. Thus, Kraft's attempt to contest the nomination of King under IC 3–12–8–1 *et seq.* was properly dismissed by the trial court.[1]

██ Kraft next contends the trial court erred in not allowing her to amend her petition. This issue was last examined in *Hodges, supra,* wherein our supreme court held that a petition to contest an election may not be amended to conform with the jurisdictional requirements of the statutes after the original filing deadline has expired. 402 N.E.2d at 1233. In the present case, Kraft's motion to amend was filed almost two months after the expiration of the original filing deadline. Therefore, the trial court did not err in disallowing the amendment.

Affirmed.

CHEZEM, J., concurs in result.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

The majority has correctly observed that the statutory provisions for an election contest upon grounds of fraud or election board misconduct have been repealed. One can only speculate as to what may have been in the minds of the General Assembly in demonstrating its collective wisdom.

It may be that our legislature desired that elections tainted by fraud or election board misconduct be attacked not by the election contest provisions of I.C. 3–12–8–1 *et seq.* but by the recount provisions of I.C. 3–12–6–1 *et seq.* (Burns Code Ed.Supp. 1991). In particular, a broad reading of

---

1. In deciding this case, we examine only the question of whether Kraft may challenge King's nomination for election board and candidate irregularity and fraud under IC 3–12–8–1 *et seq.,* as presently worded. In so doing, we express no opinion as to whether any election now may be challenged and set aside for irregularity, mistake, fraud, or misconduct of the election board or another candidate either under this statute, as amended, or in some other manner.

We note without comment, the legislature's 1988 amendments of IC 3–12–8–2 and IC 3–12–8–6, eliminated

(1) irregularity or misconduct by any member or officer of a county election board or precinct election board, and

(2) mistake or fraud in the official count of the votes,

as grounds for contesting elections. *See* P.L. 10–1988, § 153; P.L. 10–1989, § 12; and P.L. 4–1991, § 117. We further note P.L. 10–1988, § 238, repealed IC 3–12–8–3 and IC 3–12–8–4, which dealt with conditions in which findings of irregularity, misconduct, fraud, or mistake were not causes for setting aside an election.

Although we do not so decide, it may well be elections in this state may not now be challenged or set aside for irregularity or fraud either by the participants or in the vote count, an obvious anomaly since any election participant may be criminally prosecuted for election fraud under IC 3–14–2–1 *et seq.*

I.C. 3–12–6–3(5) might permit inclusion of invalid votes among those "not correctly counted and returned."

In any event, I cannot agree that a candidate who has been denied public office through fraud or official misconduct is without recourse. Fraud has always been held to vitiate a result thus obtained. 37 Am.Jur.2d *Fraud and Deceit*, § 8, p. 28 (1968 & Supp.1991). It is the public policy of this state to prevent fraud, not to perpetuate it. *Kingan & Co., Ltd. v. Silvers* (1894) 13 Ind.App. 80, 37 N.E. 413.

Kraft's petition was adequate to withstand the Motion to Dismiss premised upon T.R. 12(B)(1) or 12(B)(6). Accordingly, I would reverse the the judgment and order reinstatement of the Petition, whether to be considered as a contest petition or a petition for recount.