**Richard LYTHGOE, Appellant–Petitioner,**

**v.**

**Gerald E. SUMMERS, John L. Deem, and Gary A. Smith, Appellee–Respondents.**

No. 82A05–9308–CV–276.[1]

Court of Appeals of Indiana, First District.

Dec. 29, 1993.

---

**1.** This case was diverted to this office on November 15, 1993, by order of the Chief Judge.

re-election to the Evansville–Vanderburgh School Corporation Board of School Trustees (Board). To establish candidacy for the Board, each trustee filed a petition of nomination to the Vanderburgh County Election Board averring that none had any interest in any contract or claim against the school corporation. All three trustees were elected to the Board in the November 3, 1992 general election.

On November 10, 1992, Lythgoe timely filed his petition to contest the election of the three trustees, alleging they were ineligible under the Board's charter. Under the authority of IND.CODE 20–4–10.1–2(a)(5),[2] the charter imposed a membership qualification upon its trustees which prohibited them from having an interest in any contract with or claim against the school corporation, either directly or indirectly.[3] Record at 66. The trustees stipulated that they do have conflicts of interest.

The trustees filed a motion to dismiss for failure to state a claim. The trustees submitted affidavits to the trial court asserting that they were eligible candidates for the Board. Because matters outside of the pleadings were submitted for the court's consideration on ruling on the motion, the trial court properly considered the motion as one for summary judgment. *See* Ind.Trial Rule 12(B)(8). Upon entering judgment in favor of the trustees and dismissing Lythgoe's petition, the trial court declared that Lythgoe's petition failed to assert valid causes of action under the election contest statute for the ineligibility of the trustees based upon either 1) failing to meet the charter requirement, or 2) filing fraudulent nomination petitions.

W. Russell Sipes, Indianapolis, for appellant-petitioner.

Patrick A. Shoulders, Ziemer, Stayman, Weitzel & Shoulders, Evansville, for appellees-respondents.

BAKER, Judge.

Today we decide under what circumstances the election contest statute, IND. CODE 3–12–8–2 (Supp.1993), provides a cause of action for a voter's challenge of the eligibility of elected school board trustees. Appellant-petitioner Richard Lythgoe appeals summary judgment dismissing his claims in favor of appellee-respondents Gerald E. Summers, John L. Deem, and Gary A. Smith.

## ISSUES

1. Does Lythgoe's petition state a valid cause of action?

2. Did the trial court erroneously assess costs against Lythgoe?

## FACTS

The facts are undisputed. In 1992, Gerald E. Summers, John L. Deem, and Gary A. Smith (collectively "trustees") sought

## DISCUSSION AND DECISION

### I. Cause of Action

#### A. Charter Requirement

Lythgoe contends the trial court erred in dismissing his petition by summary judg-

---

2. I.C. 20–4–10.1–2(a)(5) granted a reorganizing school corporation the power to set forth qualifications of the Board's trustees in the reorganization plan.

3. The voting public retained the charter's requirement by a referendum in the 1988 general election.

ment because he has established a valid cause of action for the trustees' ineligibility for not satisfying the charter requirement.

We review an entry of summary judgment under the same standard as the trial court. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56. Dismissal of an action is mandated only when it appears to a certainty that the petitioner is not entitled to relief under any set of facts. We must take the facts alleged in the complaint as true and determine whether, in a light most favorable to the plaintiff, the complaint sufficiently stated a valid claim. *Gray v. Westinghouse Electric Corp.*, 624 N.E.2d 49, 52 (Ind.App.1993).

The procedure for contesting an election is purely statutory, and the petitioner must comply with the statutory requirements to invoke jurisdiction over the contest. *Kraft v. King* (1992), Ind.App., 585 N.E.2d 308. Lythgoe's petition requested the election to be set aside because the trustees were ineligible. Ineligibility of the contestee is one of the grounds for contesting an election. I.C. 3–12–8–2(1). Lythgoe's contest petition alleged, though, that the trustees were ineligible because they did not comply with a membership requirement in the Board's charter.

I.C. 3–12–8–2 is silent as to where a candidate's ineligibility status must arise. However, I.C. 3–12–8–6(a)(3)(A) requires a petitioner to allege the school board candidate's failure to meet a constitutional or statutory requirement rendering the candidate ineligible. The Indiana cases discerning eligibility have mostly concerned a statutory or constitutional disqualification. *See Schloer v. Moran* (1985), Ind., 482 N.E.2d 460, 464 (constitutional disqualifica-

tion); *Fields v. Nicholson* (1926), 197 Ind. 161, 150 N.E. 53 (ineligible because of constitutional disqualification); *Hoy v. State* (1907), 168 Ind. 506, 81 N.E. 509, 519–21 (statutory disqualification); *Tinkle v. Wallace* (1906), 167 Ind. 382, 79 N.E. 355 (constitutional); and *Carroll v. Green* (1897), 148 Ind. 362, 364, 47 N.E. 223.

One Indiana case has discussed the effect of the failure to allege a constitutional or statutory disqualification in an election contest. In *Kraft*, we affirmed the trial court's dismissal of a petition that only alleged fraudulent misconduct as the basis for setting aside the election. *Kraft*, 585 N.E.2d at 309. Because the petition did not contest the election based upon one of the statutory grounds, no action was recognized under the statute.[4] *Id.* at 310. Similarly, we find Lythgoe's petition insufficient to state a claim under the election contest statute because the ineligibility Lythgoe alleges is not one of the statutory grounds for a contest. As acknowledged earlier, the courts lack jurisdiction because Lythgoe's petition does not state a claim under the election contest statute.

We disagree with Lythgoe's assertion that dismissal leaves voters without a remedy to enforce a charter requirement. The Board is an administrative body that is empowered to accept or reject charter requirements. *See Myers v. Greater Clark County School Corp.* (1984), Ind.App., 464 N.E.2d 1323, 1329; IND.CODE 20–4–10.1–7 (Board can accept or reject reorganization plan, which may impose charter requirements upon Board members). It follows that the Board has the power to enforce adopted charter requirements.

Generally, a petitioner must exhaust his administrative remedies before seeking judicial review of an agency's ac-

---

**4.** We acknowledge a recent decision, *Hatcher v. Barnes* (1992), Ind.App., 597 N.E.2d 974, that conflicts with *Kraft*. However, *Hatcher* finds a cause of action under the election contest statute for an allegation of fraud even though the statute does not specifically provide fraud as a grounds for contesting an election. Because the predecessor statute had recognized a cause of action for fraud, *Hatcher* determined that the

legislature's omission of the provision was not a purposeful deletion. *Hatcher*, at 976. Because the ineligibility claim in *Hatcher* is based upon a fraud allegation, we find its result inapposite here. Lythgoe's petition asserts ineligibility under a charter disqualification, a claim which has never been recognized as a cause of action under the election contest statute.

tion. IND.CODE 4–21.5–5–4. Exhaustion of administrative remedies is not required where it would be futile. *Indiana State Bldg. & Constr. Trades Council v. Warsaw Community School Corp.* (1986), Ind. App., 493 N.E.2d 800, 806. Because the trustees serve on the Board that would review Lythgoe's challenge of their ability to serve, the trustees' conflict in interest on the matter renders exhaustion of administrative remedies futile.

 Under the above-stated circumstances, the trial court addressed Lythgoe's petition as a petition seeking judicial review. It found that Lythgoe's petition was insufficient to constitute an action for judicial review of an administrative agency's action because it did not name the Board as a party, pursuant to IND.CODE 4–21.5–5–6(d).[5] Because of this omission of a necessary party, the court did not have proper venue to review the Board's actions. *See id.*

In sum, Lythgoe had an alternate means of challenging the trustees, but he was precluded from relief because he did not follow the correct procedures to obtain judicial review of an administrative action.

### B. *False Candidacy Petitions*

 Lythgoe also asserts that he challenged the eligibility of the trustees because their petitions for nomination were false and constituted perjury at the time they were filed. The trial court held that Lythgoe's petition failed to raise the sufficiency of the nomination petitions. We agree that Lythgoe's petition fails to state a claim based upon the trustees' false nomination petitions. His contest petition refers to the false affidavits merely as evidence to support his cause of action of their ineligibility for violating the charter requirement. He does not raise a second cause of action in his petition. The trial court's ruling was correct.

5. *Lythgoe misunderstands the trial court's statement that the Board was a necessary party. Lythgoe believed the court held that the Board was a necessary party to the election contest. It did not. It merely considered whether Lythgoe's claim survived, not as an election*

We note that Lythgoe could have sought leave of the court to amend his petition to add the second cause of action. *See* Ind.Trial Rule 15(A). Instead, he attempted to create such a cause of action in his response to the motion for summary judgment. His attempt is unavailing as a response to a motion for summary judgment is the improper vehicle to do so.

### II. Costs

Lastly, Lythgoe appeals the costs assessed to him, contending the court had no authority to assess them under IND.CODE 3–12–8–22. The trial court had the power to tax the costs to Lythgoe under IND. CODE 34–1–32–1 and Ind.Trial Rule 54(D).

Judgment Affirmed.

NAJAM, J., concurs.

CHEZEM, J., concurs in result.

*contest, but as an appeal of an administrative decision.*