**DUBOIS COUNTY OFFICE OF FAMILY AND CHILDREN, et al., Appellants–Respondents,**

v.

**Clarence ADAMS, Appellee–Petitioner.**

No. 19A01–9603–CV–100.

Court of Appeals of Indiana.

Oct. 22, 1996.

Pamela Carter, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellants–Respondents.

Joe D. Black, Ramsey & Black, Vincennes, for Appellee–Petitioner.

## OPINION

BAKER, Judge.

In this interlocutory appeal, appellants-respondents the Dubois County Office of Family and Children (DCOFC), et al. request this court to consider the jurisdiction of a juvenile court to order an agency to expunge its records in the absence of ongoing juvenile proceedings in that court. Specifically, the DCOFC contends the trial court erred in denying its motion to dismiss appellee-petitioner Clarence Adams' petition to expunge its records relating to him.

### FACTS

Adams and his wife were licensed foster parents for the Debra Corn Agency, which specializes in placing children with special needs. In 1994, Adams was accused of molesting two children for whom his wife was babysitting. As a result, the DCOFC and the Jasper City Police department investigated and substantiated the accusations. After the Jasper City Police notified the Debra Corn Agency of the allegations and findings, the Agency removed one child from the Adams' home and ceased placing children with the Adams. No criminal charges were filed against Adams.

On March 31, 1995, Adams filed a petition to expunge records with the Dubois County Juvenile Court, requesting the court to order the DCOFC and other agencies to expunge any records pertaining to the alleged child

molestations.[1] The DCOFC filed a motion to dismiss the petition, claiming that the juvenile court did not have jurisdiction to order it to expunge its records. Following argument, the trial court denied the motion on September 28, 1995. Thereafter, the trial court certified the issue of its jurisdiction for interlocutory appeal. This court accepted Adams' petition for interlocutory appeal on April 2, 1996.

### DISCUSSION AND DECISION

■ DCOFC contends that the juvenile court lacks subject matter jurisdiction to order an agency to expunge its records. Specifically, DCOFC argues that IND. CODE § 31–6–8–2, which permits a juvenile court to order records expunged, only gives the court jurisdiction to enter such an order when the records relate to proceedings before that juvenile court. As a result, DCOFC contends the trial court erred in refusing to dismiss Adams' petition for expungement.

■ A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind.1994). When determining whether a court has subject matter jurisdiction, the relevant question is whether the type of claim which the plaintiff advances falls within the general scope of the authority conferred upon such court by the constitution or by statute. *State ex rel. Young v. Noble Circuit Court*, 263 Ind. 353, 356, 332 N.E.2d 99, 101 (1975).

In the instant case, Adams requested the juvenile court to order the DCOFC records expunged pursuant to I.C. § 31–6–8–2, which provides in part:

(b) Any person may petition a juvenile court at any time to remove from its files, from the files of law enforcement agencies, and from the files of any other person who has provided services to a child under a court order those records pertaining to his involvement in juvenile court proceedings.

This section gives the juvenile court jurisdiction to order the expungement of records relating to the person's involvement in juvenile court proceedings. However, neither the children who accused Adams of molesting them nor the child removed from Adams' home by the Debra Corn Agency were involved in juvenile court proceedings before the Dubois Juvenile Court.[2] As a result, the Dubois Juvenile Court lacked jurisdiction to order records relating to those children expunged and erred in denying the DCOFC's motion to dismiss for lack of subject matter jurisdiction.[3]

Judgment reversed and remanded for proceedings consistent with this opinion.

ROBERTSON and SULLIVAN, JJ., concur.

---

1. Additionally, Adams requested the juvenile court to declare the DCOFC's procedures unconstitutional. This portion of the proceedings remains before the juvenile court and is not part of this interlocutory appeal.

2. The child placed with Adams by the Debra Corn Agency was the subject of juvenile court proceedings in Jasper County.

3. We note that notwithstanding our determination that the Dubois Juvenile Court was without jurisdiction, Adams is not without recourse. IND. CODE § 31–6–11–12.2 provides that a suspected abuser may request that a substantiated report be amended or expunged at an administrative hearing. If, as Adams notes in his brief, the DCOFC refused to hold a hearing to review the substantiation of abuse, Adams' proper remedy is to file an action in the appropriate court to review the action of the administrative agency. *See* IND. CODE §§ 4–21.5–5–1 to 4–21.5–5–16.