## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 29 2016, 8:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David M. Brooks
Brooks, Koch & Sorg
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Hahn
Bryan H. Babb
Joel T. Nagle
Bose McKinney & Evans, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Election of the Mayor of the City of Mitchell

Dan Terrell,

*Appellant-Petitioner,*

v.

John "JD" England,

*Appellee-Respondent*

December 29, 2016

Court of Appeals Case No. 47A04-1602-MI-402

Appeal from the Lawrence Circuit Court

The Honorable E. Michael Hoff, Jr., Special Judge

Trial Court Cause No. 47C01-1511-MI-1311

**Mathias, Judge.**

[1] Dan Terrell ("Terrell") ran against John England ("England") and others for the mayoralty of Mitchell in Lawrence County, Indiana. England prevailed over Terrell by four votes. Terrell contested that result in Lawrence Circuit Court and lost. Twice defeated, Terrell now appeals and asks this court to order a special election.

[2] We affirm.

## Facts and Procedural Posture

[3] On November 3, 2015, the city of Mitchell, Indiana, went to the polls to elect a new mayor. Four candidates held themselves out for that office: Terrell, England, Eugene "Pud" Terrell,[1] and William "Bill the Truck Driver" Conley. The office of the Lawrence County Clerk, then and now held by Myron Rainey ("Rainey"), administered the election. The county election board certified the following returns:

| J. England | 499 |
| D. Terrell | 495 |
| E. Terrell | 229 |
| W. Conley | 8 |

[4] By statute, Terrell had fourteen days after election day to challenge the results. On November 13, 2015, ten days after the election, Terrell filed a "Verified Petition for Recount and to Contest Election" in Lawrence Circuit Court. As

---

[1] No relation to petitioner-appellant.

required by statute, the petition alleged that Terrell "in good faith believe[d]" that one or more grounds for a recount and contest existed. Appellee's App. p. 12. However, the petition made no factual allegations in support of this belief; it simply recited the statute defining permissible grounds for challenge. The petition was signed by Terrell but not by his counsel.

[5] Four days later, on November 17, 2015, the last day of the fourteen-day statutory period, due to the importance and sensitive nature of the case, England moved for a change of judge. The motion was granted and the matter venued to Judge E. Michael Hoff, Jr., of Monroe Circuit Court for appointment of a special judge. Judge Hoff was appointed and assumed jurisdiction the same day.

[6] Also on November 17, 2015, England moved to strike Terrell's petition for lack of counsel's signature. On November 20, 2015, seventeen days after the election, Terrell asked the court's leave to amend his petition to supply the missing signature. Terrell further asked that the amendment relate back to the date of the first filing, to evade the running of the fourteen-day period. On December 3, 2015, the court granted Terrell's request in full.

[7] On November 24, 2015, the court appointed a recount commission and ordered the election materials impounded. The commission was to meet for the first time on December 7, 2015. On December 2, 2015, at a status conference called by Terrell, the parties agreed to dispose of the recount before moving on to the election contest, and to postpone the recount to allow time for party review of

the election materials. The commission was sworn and charged, and the recount rescheduled for December 16, 2015.

[8] On December 10, 2015, the parties reviewed the election materials. On December 15, 2015, the day before the recount was to be conducted, Terrell moved for dismissal of the recount, which the court granted. Terrell's contest petition, now the sole remaining claim, was set for a bench trial on January 4, 2016, continued on Terrell's motion to January 13, 2016.

[9] On December 23, 2015, Terrell moved for a temporary restraining order and a preliminary injunction against England taking office until Terrell's contest petition could be heard. Terrell complained of numerous errors in the administration of the election revealed by the parties' review of the election materials on December 10, 2015. In support of the motion, Terrell submitted the affidavit of his local counsel, William Mullis ("Mullis"), who had served as a poll inspector for two of Mitchell's four precincts on election day. Mullis affirmed *inter alia* that, on election day, Rainey directed him to allow several voters to vote in person who appeared to have already received absentee ballots by mail. On December 28, 2015, the court denied Terrell's motion for a restraining order and injunction.

[10] On December 31, 2015, England moved to dismiss Terrell's contest petition. England claimed that the errors alleged by Terrell in his motion for a restraining order and injunction could not have been discovered before the parties first accessed the election materials on December 10, 2015. Accordingly, England

argued, Terrell could not have "in good faith believe[d]" that grounds for a recount and contest existed when he so alleged in his verified petition on November 13, 2015. Dismissal was warranted, England concluded, because Terrell had verified a falsehood, because he had failed to prosecute his petition in a statutorily timely manner, and because he had failed to state a claim under the terms of the statute.

[11] On January 4, 2016, England submitted what he styled a "Supplemental Designation of Evidence" in support of this motion to dismiss. The evidence was an article about the election challenge published in a local daily newspaper on January 1, 2016, quoting Terrell's Indianapolis counsel: "Of course we didn't know [what the grounds for contest would be] beforehand. . . . You really never know in a recount or contest what you're going to find until you look. . . . This is the way it's done all the time." Appellee's App. p. 44. Terrell did not respond to England's motion for nine days, until the parties were in open court on January 13, 2016, to try the contest petition.

[12] On January 13, 2016, the day set for trial on the petition, the court first conducted a hearing on the motion to dismiss. The court heard the testimony of Terrell, Mullis, and the author of the January 1, 2016, newspaper article on the issue of whether Terrell and Mullis "in good faith believe[d]" that grounds for a recount and contest existed on November 13, 2015.

[13] Mullis testified, as in his affidavit, that he had seen voters vote in person on election day who were marked in the poll books as having received absentee

ballots by mail. Mullis testified further that, although he had voted early in person, he was not marked in the poll books on election day as having already voted. Finally, Mullis testified that, after election day but before November 13, 2015, he was made aware of unspecified problems with voter registration in connection with absentee voting, two absentee voters having received primary rather than general election ballots, and two voters having voted from addresses where they did not reside. Terrell testified that he had complained to Rainey before election day that Rainey was accepting absentee ballots from voters who had not submitted the identification necessary to register to vote.

[14] Before, during, and after this testimony, the court heard extensive argument from both sides on the propriety and the merits of the motion. At the conclusion of the hearing, the court took the motion under advisement, and proceeded to trial on the merits of the contest petition.

[15] On January 29, 2016, the court entered its findings of fact, conclusions of law, and two orders. On the basis of the evidence submitted on the motion to dismiss, the trial court found that, as a matter of historical fact, Terrell and Mullis did not have an adequate basis for a good faith belief that grounds for contest existed on November 13, 2015, when the verified contest petition was first filed. The court therefore granted England's motion to dismiss on those grounds.

[16] Out of an abundance of caution in such an important and sensitive case, the court then proceeded to consider the merits of Terrell's petition. The court

found, and the parties do not now dispute, several apparently well-intentioned violations of election law committed by Rainey and his office in the administration of the election. These violations resulted in the erroneous counting of certain ballots that had not been properly cast. The court held that these errors were saved by a statutory exception allowing unlawful ballots to be counted if rendered unlawful solely by the acts or omissions of election officials, and that, in any event, Rainey's maladministration did not rise to the level of election misconduct required to trigger judicial review and correction by our supreme court's decision in *Pabey v. Pastrick*, 816 N.E.2d 1138 (Ind. 2004). The court therefore entered an "alternative order" denying Terrell's contest petition and request for a special election on their merits. Appellee's App. p. 45.

[17] This appeal followed. Terrell asked our supreme court to grant emergency transfer under Indiana Appellate Rule 56(A). Docket, "Verified Motion for Transfer" (Apr. 1, 2016). The motion was denied. Docket, "Order" (May 6, 2016). This court therefore retains jurisdiction over Terrell's appeal.

## Standard of Review

[18] When a trial court enters findings and conclusions, we apply a two-tiered standard of review. *Anderson v. Ivy*, 955 N.E.2d 795, 800 (Ind. Ct. App. 2011), *trans. denied*. First, we determine whether the evidence supports the findings; second, we determine whether the findings support the judgment. *Id.* Out of deference to the trial court's proximity to the issues, we disturb the judgment only where no evidence supports the findings or the findings fail to support the

judgment. *Id.* (quotations and citations omitted). The findings will stand unless clearly erroneous. *Id.* Pure conclusions of law are reviewed de novo. *Id.*

## Discussion and Decision

[19] We need not, however, proceed to review the trial court's findings and conclusions. The trial court correctly granted England's motion to dismiss. This was sufficient to resolve the case, and the "alternative order" denying Terrell's petition on its merits should not have been undertaken. Because the grounds for dismissal were plain on the face of Terrell's petition, the "alternative order," as well as the factual findings and legal conclusions on which both orders rested, are moot. The trial court characterized Terrell's petition as a "fishing expedition." Appellee's App. p. 48. We agree. The expedition should not have been allowed to proceed.

[20] Indiana law supplies two methods for challenging the results of an election: recounts and contests. Ind. Code ch. 3-12-6 (recounts in local elections), ch. 3-12-8 (contests in local elections). A successful contestor is entitled to a special election. I.C. § 3-12-8-17(d). To guard against overuse of judicial review to nullify the electorate's free and considered choices, "[a] special election should be ordered only in rare and exceptional cases." *Pabey v. Pastrick*, 816 N.E.2d 1138, 1150 (Ind. 2004).

[21] The statutes giving rise to the contest action "fall into the class of laws referred to as 'nonclaim statutes.'" *State ex rel. Bodine v. Elkhart Cty. Election Bd.*, 466 N.E.2d 773, 776 (Ind. Ct. App. 1984). The procedures required by such statutes

are not severable from the substance of the claims which they authorize. The procedure is, so to speak, baked into the substance, as a "condition precedent for the enforcement of [the] right of action" itself. *Id.* Failure to comply with the statutory procedure is not subject to the ordinary limitations of waiver and estoppel, leaving the underlying claim intact. Rather, procedural default here means that the right of action itself "becomes unenforceable" and is "forever barred." *Id.* Thus, it is usually said that "one seeking relief under the [recount and contest] statute must bring himself strictly within its terms." *Slinkard v. Hunter*, 209 Ind. 475, 199 N.E. 560, 562 (1936); *see also, e.g., Young v. Noble Cir. Ct.*, 263 Ind. 353, 332 N.E.2d 99 (1975) (failure to caption correctly results in dismissal); *Marra v. Clapp*, 255 Ind. 97, 262 N.E.2d 630 (1970) (same).

[22] A candidate wishing to contest an election must file a verified contest petition no later than noon fourteen days after election day. I.C. § 3-12-8-5(a). Among other requirements, the petition must state that the petitioner "in good faith believes" that one or more statutory grounds for contest exist. *Id.* § 6(a)(3) ("the good faith requirement"). As relevant here, grounds for contest exist where:

> (2) [a] mistake occurred in the printing or distribution of ballots used in the election that makes it impossible to determine which candidate received the highest number of votes[,]
>
> (3) [a] mistake occurred in the programming of an electronic voting system, making it impossible to determine the candidate who received the highest number of votes[,]
>
> (4) [a]n electronic voting system malfunctioned, making it impossible to determine the candidate who received the highest

number of votes[, or]

(5) [a] deliberate act or series of actions occurred making it impossible to determine the candidate who received the highest number of votes cast in the election.

*Id.* § 2(2) to (5) ("Grounds for contest"); *see also id.* § 6(a)(3)(B) to (E) (nearly identical language with respect to "contents of verified petition"), § 17(d) (nearly identical language with respect to "[h]earing and determination of contest"). If the petition was not filed in compliance with the statutory requirements, it may not be amended after the fourteen-day period has run. *Id.* § 6.5(b)(1).

[23] On receipt of the petition, the trial court gives notice of the contest to the contestee and directs him to appear and answer the petition on a return day fixed in the notice. *Id.* § 8(a). The return day may be extended for "good cause." *Id.* § 10. The court must set the petition for trial on a day no later than twenty days after the return day. *Id.* § 16. This too may be extended under exceptional circumstances. *State ex rel. Arredondo v. Lake Cir. Ct.*, 271 Ind. 176, 391 N.E.2d 597 (1979).[2]

---

[2] That the trial court may extend or toll these periods shows that they cannot be jurisdictional. England's jurisdictional argument on these grounds therefore fails. We note that it is ten years now since our supreme court made clear that ordinary procedural errors are not jurisdictional defects, and that whatever remains of the notion of "jurisdiction over the individual case" is no longer good law. *K.S. v. State*, 849 N.E.2d 538, 542 (Ind. 2006).

More specifically, procedural default in the context of nonclaim statutes extinguishes the *litigant's* cause of action; it does not extinguish the *court's* power to hear a claim the litigant may have. *See* discussion of nonclaim statutes ¶ 21*supra*.

[24] The contest process is governed by the Indiana Rules of Trial Procedure unless the contest statute requires otherwise. I.C. § 3-12-8-5.5(2) (contest petition filed as a "miscellaneous civil action."); *id.* § 17(a) (Contest "shall be heard and determined by the court without a jury subject to the [Trial Rules]."); Ind. Trial Rule 1 ("Except as otherwise provided, these rules govern the procedure and practice in all courts of th[is] state . . . in all suits of a civil nature whether cognizable as cases at law, in equity, or *of statutory origin*." (emphasis added)). The trial court must determine the issues raised by the contestor's petition and the contestee's answer. I.C. § 3-12-8-17(b). If the court finds that one or more of the grounds for challenge have been proved, such that it is impossible to determine which candidate received the most legal votes, the court must order a special election. *Id.* § 17(d); *Dobyns v. Weadon*, 50 Ind. 298, 302 (1875) (The "true *gravamen* of the case, whatever may be the ground of contest, is the highest number of *legal* votes.") (emphasis added and internal quotation omitted) (quoted in *Pabey*, 816 N.E.2d at 1149).

[25] Terrell's petition was subject to dismissal because Terrell did not bring himself strictly within the terms of the contest statute. The petition was not in compliance with the statute and the Trial Rules because it was not properly verified when filed and not later amended before the fourteen-day nonclaim limitations period had run.

[26] Contest petitions must be verified. I.C. § 3-12-8-5(a). Verification is governed by Trial Rule 11. *See State ex rel. Kosciusko Cir. Ct.*, 273 Ind. 101, 103, 402 N.E.2d 1231, 1232 (1980) (applying T.R. 11 to contest statute). Trial Rule 11 requires

"[e]very pleading . . . of a party represented by an attorney [to] be signed by least one attorney of record . . . ." T.R. 11(A). On November 13, 2015, Terrell was represented by Mullis. On that day, Terrell filed a pleading, which was required under the rule to be signed by Mullis but was not. The pleading was therefore not in compliance with the statute and the Trial Rules. *See* T.R. 41(E) (dismissal for failure to comply with Trial Rules); Appellee's App. p. 27 (England's motion to dismiss under same rule).

[27] The election was held on November 3, 2015. The fourteen-day nonclaim limitations period expired at noon on November 17, 2015. Terrell moved to amend his improperly verified pleading on November 20, 2015, the third day after the fourteen-day period had run. The trial court granted the motion to amend and allowed the amendment to relate back to the original filing date. This was error. Because the petition was not originally filed in compliance with the statutory requirements, amendment was not permitted after the fourteen-day period. I.C. § 3-12-8-6.5(b)(1); *see also, e.g., Gossard v. Vawter*, 215 Ind. 581, 21 N.E.2d 416 (1939) (no error where contest petition was dismissed as improperly verified for failure to include the jurat before statutory deadline).

[28] Dismissal was therefore proper on these grounds. We need not and do not decide more.[3]

---

[3] As at trial, so on appeal: principles of judicial restraint counsel that a court should not decide more than is necessary to dispose of the case before it. To do otherwise, to issue a ruling that will not further alter the legal relations of parties, is to issue an advisory opinion, which this court will not do. *Reed v. State*, 796 N.E.2d 771, 775 (Ind. Ct. App. 2003); *see generally* 20 Am. Jur. 2d *Courts* § 43 (2015) ("Unnecessary decisions by a

# Conclusion

England's motion to dismiss Terrell's petition for failure to comply with the contest statute and the Trial Rules was properly granted. Once that order was entered, Terrell's cause of action was extinguished, and the trial court's alternative order had no object on which to operate. That order, as well as the findings and conclusions on which it rests, are therefore void and of no force and effect.

Affirmed.

Robb, J., and Brown, J., concur.

---

court are to be avoided."); 21 C.J.S. *Courts* § 179 (2007) ("Under the cardinal principle of judicial restraint, if it is not necessary to decide more, then it is necessary not to decide more.").