STATE OF INDIANA ON RELATION OF MILLER *v.* REEVES, JUDGE, ETC.

[No. 29,184. Filed June 25, 1954.]

*John G. Bunner* and *Carrol F. Dillon,* both of Evansville, for relator.

*Wilbur F. Dassel, James W. Angermeier* and *William D. Hardy,* all of Evansville, for respondents.

*Ollie C. Reeves, pro se.*

FLANAGAN, C. J.—This is an action for an alternative writ of mandamus and a temporary writ of prohibition. The alternative writ of mandamus and the temporary writ of prohibition were issued June 2, 1954, by this court, and had the effect of staying proceedings in Cause No. 6114 in the Vanderburgh Circuit Court.

This action was duly commenced by the filing of a verified petition to contest the election of, and for a recount of votes for, the Democratic nomination for Judge of the Superior Court of Vanderburgh County, held on May 4, 1954, as provided by statute. Acts 1945, ch 208, §344, p. 680, as amended by the Acts of 1951, ch. 87, §1, p. 275, being Burns' 1949 Repl., §29-5504 (Supp.). Such petition named as defendants and contestees William H. Miller and Thomas V. Trimble. The relator herein, William H. Miller, received the highest number of votes for nomination as Democratic candidate for the office of Judge of the Superior Court of Vanderburgh County, and was certified as the duly nominated candidate for such office.

Thereafter, on May 20, 1954, the court impounded all ballots and voting machines, together with all tally sheets which were used in the Democratic Primary Election for the nomination of Democratic candidate for the office of Judge of the Superior Court of Vanderburgh County. Subsequently, on May 28, 1954, the relator herein offered to file a motion and affidavit for change of venue from the judge. The motion was taken under advisement, and, on May 29, 1954, was denied. The denial of this motion forms the basis of this action.

The election contest statute makes specific provision for a change of venue from the judge. Section 29-5503, Burns' 1949 Repl. (Supp.).

Respondents contend that although the vote recount is made a part of the election contest it is in fact separate, is a ministerial function, and therefore no change of venue from the judge can be demanded until the recount has been completed.

With the last statement we cannot agree. The Legislature did not see fit to separate the various parts of the contest in its provision for change of judge, and permit such change only at certain stages. Petitioner, under the statute, is entitled to a change of judge at any time.

The alternative writ of mandate heretofore issued by this court is now made absolute, and the temporary writ of prohibition heretofore issued by this court is now made permanent.

Bobbitt, Draper, Gilkison, and Emmert, JJ., concur.

NOTE.—Reported in 120 N. E. 2d 409.