STATE OF INDIANA EX REL. LOCKS *v.* PEAK, JUDGE,
ST. JOSEPH CIRCUIT COURT ET AL.

[No. 29,686. Filed July 17, 1958.]

*Gerald A. Kamm,* of South Bend, for petitioner.

*Arthur W. Goulet,* of South Bend, for respondents.

EMMERT, J.—This is an original action for a Writ of Prohibition to prohibit the St. Joseph Circuit Court from exercising further jurisdiction in a proceeding

there pending for a recount of all the Democratic votes for the nomination for Sheriff of said county which were cast in the primary election held May 6, 1958. We issued the temporary writ, and the cause here was put at issue by Respondents' verified return to the petition.

The Relator was certified as nominated for Sheriff of St. Joseph County on the Democratic ticket by the Board of Canvassers of St. Joseph County. One Eugene Rozanski was also a candidate for Sheriff on the Democratic Ticket, and on May 19th he filed his verified petition for a statutory recount of all the Democratic votes for Sheriff in all the precincts (193 precincts) of the county.

Relator contends the recount provisions of the Election Code do not apply to a primary election, and Rozanski's petition failed to comply with §29-5405, Burns' 1949 Replacement, as to the necessary allegations to confer jurisdiction on the Circuit Court, in that his petition alleged, "that he desires a recount of all the Democratic votes cast for such office in the said one hundred ninety-three (193) precincts of St. Joseph County, Indiana."

We have held that the statutory allegations required in §29-5405, Burns' 1949 Replacement, are mandatory, and must be pleaded to confer jurisdiction on the trial court. *State ex rel. Wever* v. *Reeves* (1951), 229 Ind. 164, 96 N. E. 2d 268. However, it does not follow that a recount may not be had for a primary election. The second section of the Election Code makes it clear that the term "election" includes a primary contest. " 'Election.' The word 'election' shall mean and include any election at which the electors of the state or of any subdivision thereof nominate or choose by ballot public officials or decide any

public question lawfully submitted to them." . Section 29-2802, Burns' 1949 Replacement. The statutory provisions for contest also make it evident there may be a recount of a primary vote.[1] We will not construe §29-5405, Burns' 1949 Replacement, to require an absurd result. *Helms* v. *American Security Co.* (1939), 216 Ind. 1, 22 N. E. 2d 822; *State ex rel. Glenn* v. *Smith* (1949), 227 Ind. 599, 87 N. E. 2d 813. Relator had no concern in the primary as to who was nominated on the Republican ticket for Sheriff, and Rozanski was not required to petition for a recount of Republican votes for Sheriff. The petition for a recount complied with §29-5405, Burns' 1949 Replacement, and the Circuit Court had jurisdiction to proceed with the recount proceedings.

Relator bases his contention that the recount provisions are unconstitutional on the supposition that if Rozanski prevails on the recount, and the commission issues a certificate showing him nominated, Relator has then no remedy under the contest provisions. He bases his premise on the reasoning in *State ex rel. McCormick* v. *Superior Court of Knox County* (1951), 229 Ind. 118, 95 N. E. 2d 829. This case held *Quo Warranto* available if the Recount Commission issued a certificate showing a contestor duly elected. The opinion was filed January 5, 1951, and the 87th Session of the General Assembly then

---

1. "The election of any person who is declared elected by popular vote to any district, circuit, county, township or municipal office, or the nomination of any person who is declared nominated at a primary election as a candidate for any such office, may be contested by any person who was a candidate at such election for such office or such nomination, or by any elector who was entitled to vote for such person. Whenever in this article [§§29-5501—29-5508] an election is referred to it shall be construed to mean either a general election or a primary election." Section 29-5501, Burns' 1949 Replacement, [Acts 1945, ch. 208, §341, p. 680].

enacted Chapter 87 of the 1951 Acts, which would give the Relator here his remedy in the event his certificate of nomination is superseded by another by the Recount Commission showing Rozanski nominated.

"(b) Any candidate who was first certified by the county board of canvassers as having received the highest number of votes for the nomination or election to an office, may, within ten (10) days after the recount commission makes and signs its certificate showing another candidate received the highest number of votes, file his petition for contest for the purpose of adjudicating the nomination or title to the office for which he was a candidate in like manner as other contests are herein provided insofar as applicable and not in conflict with this subsection." Section 29-5504(b), Burns' 1949 Replacement (Supp.).

There is no merit in Relator's contention that the recount provisions are unconstitutional. The temporary writ was improvidently issued and Relator's petition must be denied.

Petition denied, and the temporary writ is now vacated.

Bobbitt, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 151 N. E. 2d 809.