STATE EX REL. JORDAN *v.* WARREN CIRCUIT
COURT ETC. ET AL.

[No. 29,747. Filed April 28, 1959.]

*Alfred V. Ringer, Cecil E. Haupt* and *Allen Sharp,* all of Williamsport, for relator.

*Walter B. Gillespie, pro se.*

BOBBITT, J.—Relator filed his "Petition for Writ of Prohibition and Mandate" seeking to prohibit respondents from proceeding further in a certain election contest in which respondent court has appointed recount commissioners, and requesting that respondents be mandated to strike out and expunge from the records of the Warren Circuit Court an order appointing such recount commissioners.

We issued an alternative writ to which respondents filed their return.

Relator asserts that the "Petition to Contest Election" is not sufficient to confer jurisdiction upon respondent court to order a recount of the ballots cast in

the election for sheriff of Warren County and to appoint recount commissioners.

The petition to contest, omitting formal parts, is as follows:

"The petitioner herein, George Janeway, says:

"1. That on the 4th day of November, 1958, there was held a general election throughout the State of Indiana.

"2. That petitioner desires to contest the election for the office of Sheriff of Warren County, Indiana.

"3. That petitioner, George Janeway, and defendant, Max Jordan, were all of the candidates for said office at said election.

"4. That petitioner desires to contest said election on the ground and on account of mistake or fraud in the official count of the votes for said office.

"5. That petitioner desires a recount of all the votes cast for said office in all of the twenty (20) precincts of Warren County, Indiana.

"6. That petitioner honestly believes that as a result of the facts set forth as a ground of contest that contestee was declared elected when he had not, in fact, received the highest number of votes."

While the foregoing petition is not one that we would recommend as a model to be followed, it has been treated by both parties and the trial court as a petition under Acts 1945, ch. 208, §344, p. 680, as amended by Acts 1951, ch. 87, §1, p. 275, being §29-5504, Burns' 1957 Cum. Supp., to contest an election, and we will so consider it here.

Section 29-5504, *supra*, provides, in pertinent part, as follows:

"Any person desiring to contest any election, as defined in section three hundred and forty-one (341) [§29-5501] hereof, shall file, in the office of

the clerk of the circuit court of the proper county, his petition setting out that he desires to contest such election, stating the names of all persons who were candidates at such election for the office involved, and specifying therein some one or more of the grounds of contest provided for in section three hundred and forty-two (342) [§29-5502] and that he honestly believes that as a result of the facts set forth as a ground of contest that contestee was declared elected when he had not in fact received the highest number of votes. Such petition shall be verified by the contestor and shall be filed within fifteen [15] days after the day on which the election is held. If such contest is upon the ground of fraud or mistake in the official count, then if such contestor desires a recount of the votes cast for such office he shall so state in his petition, and a recount may be had under the provisions of sections three hundred and twenty-four (324) to three hundred and forty (340) [§§29-5401—29-5417]."

Relator contends that a petition for contest under §29-5504, *supra,* which requests a recount, must not only comply with the provisions of the contest statute (§29-5504, *supra*) but also with the requirements for a petition for recount under Acts 1945, ch. 208, §328, p. 680, being §29-5405, Burns' 1949 Replacement.

Pursuing this theory, relator further asserts that the petition for contest herein is defective in that (1) it does not directly allege that the office of sheriff of Warren County was voted upon in specified precincts; (2) the post office address of the opposing candidate is omitted; and (3) there is no allegation that the votes cast for sheriff were not correctly counted and returned. He relies upon *State ex rel. Wever* v. *Reeves* (1951), 229 Ind. 164, 96 N. E. 2d 268, to support this contention.

Section 344 of ch. 208, Acts 1945, as amended, being §29-5504, Burns' 1957 Cum. Supp., *supra,* is a reenactment of §4 of ch. 82 of the election contest statute

of 1935, except that the 1935 Act provided that "If such contest is upon the ground of fraud or mistake in the official count and the petition alleges that the contestor desires a recount of the votes cast for such office, *then said contestor shall file with his petition* a written undertaking, payable to the contestee, with freehold or corporate surety to the approval of the clerk, conditioned that he will pay all the costs of such recount," while the 1945 Act was changed to provide that if the contestor desires a recount of the votes cast *he shall so state in his petition* and *a recount may be had* under the provisions of §§324 to 340. (Our italics.)

It seems clear to us that the Legislature, while providing for a recount only (without a contest), by the enactment of §§324 to 340, also intended to, and did, preserve by re-enactment the section of the statute which provided that a recount could be had in connection with a contest proceeding when the contest was based upon fraud or mistake in the official count, as is the case in the petition here in question.

Section 29-5504, *supra,* as did §4 of ch. 82 of the Acts of 1935, authorizes a recount if the contest is upon the ground of fraud or mistake in the official count. The right to a recount by the contestor herein stems from the provisions of §29-5504, *supra,* and not from Acts 1945, ch. 208, §324, p. 680, being §29-5401, Burns' 1949 Replacement, and to exercise such right it was necessary only for him to "state in his petition" that he desired a recount of the votes cast for the office being contested.

Article 28 of the 1945 Act, providing for the contest of elections instead of prescribing in detail the procedure for conducting a recount, as was done in the 1935 Act, when one was proper in connection with the

contest, simply omitted such detail and incorporated by reference the procedure provided by the recount article of the 1945 election code (Art. 27).

Contestor herein has filed a cash deposit as provided by Acts 1945, ch. 208, §331, p. 680, being §29-5408, Burns' 1949 Replacement. This having been done, the trial court had no choice other than to appoint the recount commissioners and order them to proceed with the recount. *State ex rel. Lord* v. *Sullivan, Judge* (1938), 214 Ind. 279, 281, 15 N. E. 2d 384. Such was the procedure under the 1935 law. Since both the 1945 and the 1951 sessions of the Legislature have reaffirmed the provisions for recount in connection with a contest for fraud or mistake in the official count, by the re-enactment of §4, of ch. 82 of the Acts of 1935, *supra,* it seems clear to us that the Legislature intended that the same procedure which was followed under such circumstances under the 1935 Act, except as herein-before mentioned, should also be followed under the 1945 and the 1951 Acts.

It also seems clear to us that if the Legislature had intended that a separate petition or paragraph of petition for recount in connection with a contest for fraud or mistake in the official count be filed under §29-5401, *supra,* then it would have omitted the provision for a petition for recount from §29-5504, *supra.*

In the Wever Case, relied upon by relator, a petition in two paragraphs was filed. Paragraph 1 sought a recount of the votes cast for the various offices involved and, as clearly appears from the petition, was brought under the provisions of §§29-5401 to 29-5405, inclusive, *supra.* Paragraph 2 was for the contest of the election for the various offices named, and was brought upon the grounds of irregularities and malconduct of the

election officials and for fraud and mistake in the official count of the votes. Paragraph 2 *did not* state that the contestors desired a recount of the votes as does the petition in the present case. This court there held that Paragraph 1 of the petition did not comply with the requirements of §29-5405, *supra,* and, therefore, the trial court was without jurisdiction to order a recount of the votes.

As we have already indicated it is not necessary that a petition for contest of an election based upon the grounds of fraud or mistake in the official count of the vote, and requesting a recount of the votes, such as that in the case at bar, comply with the requirements of §29-5405, *supra.*

Hence, the Wever Case is not applicable to the factual situation under consideration here.

In our opinion the petition for contest herein, while leaving much to be desired, does substantially comply with the requirements of §29-5504, *supra,* under which it was brought.

As will be noted from an examination of the petition, it sets out that the petitioner desires to contest the election for the office of sheriff of Warren County and states the names of all the persons who were candidates at the election for the office involved. The petition further states as one of the grounds for contest[1] that the petitioner honestly believes that as a result of the facts set forth as a ground of contest that contestee was declared elected when he had not, in fact, received the highest number of votes.

The petition also states that the petitioner desires a recount of all the votes cast for said office "in all

1. Acts 1945, ch. 208, §342, p. 680, being §29-5502 (Fourth) Burns' 1949 Replacement.

of the twenty (20) precincts of Warren County, ■ Indiana." This was adequate to designate the precincts within the county where a recount was desired and was sufficient to confer jurisdiction upon the trial court to order a recount of the votes for the office of sheriff in all of the precincts of the county and to appoint recount commissioners herein, upon the filing of a satisfactory undertaking by the contestor.

Because of the conclusion which we have reached, it is not necessary to consider other questions raised.

For the reasons above stated, the alternative writ heretofore issued is dissolved.

Alternative writ dissolved.

Landis, C. J., Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 157 N. E. 2d 732.