HELEN L. WILSON *v.* MARY A. NIESSE.

[No. 568S78. Filed February 18, 1969.]

640

*Charles W. Cooper, Cooper, Cooper, Cooper & Cox,* of Madison, and *Frank E. Spencer,* of Indianapolis, for appellant.

*Spencer J. Schneitter,* of Madison, for appellee.

ARTERBURN, J.—This is an appeal from a judgment of the Jefferson Circuit Court in a cause in which the appellee filed her petition for contest of an election, including a recount. The original election returns showed that the appellant won

the election by four votes. The appellee petitioned for a recount, which was granted. The results by the recount commission showed the appellee a winner by eight votes. Following this recount the appellee was certified as the winner and took possession of the office, whereupon the appellant filed her petition for contest of the election and a recount.

The trial court, without a hearing on the merits of the petition to contest and recount, entered judgment for the appellee on the basis of the recount commission's certification, reciting however in a finding that the appellant had waived her right to maintain her petition to contest and to the office of city Clerk-Treasurer because she was then acting as Deputy Clerk of the Circuit Court. The court further found the petition for recount of appellant insufficient and refused to allow an amendment, which consisted merely of adding an "s" and making the word "precinct" plural (precincts).

We first consider the question of the waiver of the right to hold the office of city Clerk-Treasurer by the appellant by reason of her holding the position of Deputy Clerk of the Circuit Court pending the determination of her right to hold the office of city Clerk-Treasurer. Art. 2, Sec. 9 of the Constitution of the State of Indiana provides in part:

". . . nor shall any person *hold* more than one lucrative office at the same time except as this constitution expressly permits" (Our emphasis).

It does not appear to us that there is a violation of this constitutional provision, since it is apparent that the appellant does not yet hold the office of city Clerk-Treasurer from which she is, in fact, excluded by the action of the recount commission and the trial court. If a time arrives when she is successful in her litigation and is entitled to that office, to which she claims she was elected, any inconsistency which might face her could be obviously eliminated by her resigning before she takes the oath of office as city Clerk-Treasurer. Therefore, there is no constitutional problem which

prevents the trial court in this case from considering the merits of the appellant's petition for a contest of the election. A case with a similar fact situation is the case of *Bradley* v. *Page* (1932), 46 S. W. 2d 208, 211:

> "The last assignment of error is that the court erred in holding that the contestant had not abandoded his claim to the office by accepting the appointment to another office in the city. The record shows that after the election, and while the contestant was contesting the election, he did accept employment as an inspector in the department of streets.
>
> "We think this was not such an act on the part of the contestant as to render him incompetent to hold the office of municipal judge, if the court should decide that he had been elected thereto, and especially so if he was willing to resign his position in the department of streets upon his being declared elected, . . ."

Appellant filed a "Verified Petition To Amend Her Petition To Contest By Reason Of A Typographical Error," the effect of which would have been to have §§ 6 (A) and (B) of the Petition For Contest Of Election And Recount read "the votes cast for such office at such election in such *precincts*" instead of "the votes cast for such office at such election in such *precinct*." The lower court denied the motion by stating:

> "The reason for the denial of the filing of said petition to amend and said oral motion to amend being that there is nothing indicated to the Court that the errors in question are, in fact, typographical errors, and the Court is of the opinion that they are errors in drafting, and that in essence, said petition to amend and oral offer to amend are attempts to amend the substance of the pleadings contained in said petition, the time having expired for any amendments to be allowed by the Court and the filing of said petition and motion are now denied."

We are not going to engage in semantics as to whether this is a typographical error or an error in drafting. The duty of a court is to determine a case on the merits, if at all possible. We do not feel that the use of a misspelled word, a misplaced comma or a period should deny liti-

gants the right to have their controversies settled where it is apparent from the general context of the pleading what the meaning is. Reading the word "precinct" in conjunction with the rest of the petition, it is apparent and ought not even to be controverted that the use of the words "such precinct" referred to each precinct enumerated under paragraph 2. Paragraph 2 of appellant's petition sets out each of the voting precincts of the City of Madison, Jefferson County, Indiana, in which a recount is asked. Paragraph 6 gives the grounds of appellant's petition, the same being ". . . that through mistake or fraud the votes cast for such office at such election . . ." were not correctly counted and returned. Reading these paragraphs 2 and 6 with each other, it is clear that appellant was, through the use of the term "such precinct," referring to each precinct enumerated under paragraph 2, and could refer only to the votes cast in the precincts enumerated separately in that paragraph. We doubt that it was even necessary to amend the petition where such misspelling or typograhical error is so apparent, if it be such an error.

Burns' § 29-5506 provides that:

"Such proceedings shall be heard and determined by the court . . . and the practice and procedure in civil actions shall govern, . . ."

In an election contest case, *Martin* v. *Youngblood* (1936), 211 Ind. 647, 657, 7 N. E. 2d 997, 1001, it is said:

"It is apparent that the legislature, in contest proceedings did not intend the observance of strict technical rules of pleading, but rather contemplated liberal rules of pleading so that the end sought to be accomplished, viz., *to determine, upon the merits of the case,* who of the qualified candidates in fact received the highest number of legal votes" (Our emphasis).

The appellee failed to point out how the addition of the letter "s" to the word "precinct" would in any way prejudice the appellee, change the issues, or surprise the appellee with any new matter to meet at the trial.

It is urged that in an election contest proceeding the petitioner must bring himself strictly within the terms of the statute providing for such proceeding, and the case of *Gossard* v. *Vawter* (1939), 215 Ind. 581, 21 N. E. 2d 416 is cited in support of such position. We have no quarrel with that decision, but it is not in point here. The Supreme Court affirmed the dismissal of the suit because in its judgment the petition was not verified and sworn to, as provided under the statute, the jurat being missing from the petition. We do not have an omission of that character involved in this case, but merely the misspelling of a word, if it can be conceded that the word should have been plural instead of singular, grammatically speaking.

The petition in this case conferred jurisdiction and named the precincts specifically therein to be recounted. *State ex rel. Jordan* v. *Warren Circuit Court, et al.* (1959), 239 Ind. 351, 157 N. E. 2d 732.

In the latter case this Court upheld a petition which merely stated: "That petitioner desires a recount of all the votes cast for said office in all of the twenty (20) precincts of Warren County, Indiana." Nowhere in that petition were the precincts separately designated in any way. Here the petitioner designated the specific precincts in the City of Madison, and further states in the prayer that a recount be had in "all precincts in the City of Madison, Indiana." *State ex rel. Locks* v. *Peak* (1958), 238 Ind. 468, 151 N. E. 2d 809.

It is argued that the appellant is not entitled to have a recount in the election contest proceeding, since the recount commission has made one recount under the petition of the appellee. It is true that appellant is not entitled to the appointment of a second recount commission to recount the ballots, but she is entitled to have the court, upon hearing and trial at which the ballots are introduced, to pass upon the validity of such ballots and thus secure before the court a recount of the ballots cast in the election under the contest proceedings of

fraud or mistake, and thus secure an "adjudication" of her title to office.

Burns' § 29-5504 (b) states:

"Any candidate who was first certified by the county board of canvassers as having received the highest number of votes for the nomination or election to any office may, within ten (10) days after the recount commission makes and signs its certificate showing another candidate received the highest number of votes, file his petition for contest for the purpose of *adjudicating* the nomination or title to the office for which he was a candidate in like manner as other contests are herein provided insofar as applicable and not in conflict with this subsection" (Our emphasis).

The judgment and finding of the trial court is reversed, with directions to hear appellant's petition to contest on its merits.

DeBruler, C. J., and Hunter and Givan, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 244 N. E. 2d 436.