CLAUDE TAYLOR, GALLIE CLAY, AND DOROTHY J. CLEMENTS *v.*
EARL BURTON, J. MICKEL MARSHALL, AND WARD HENDRIX.

[No. 1-273A30.  Filed August 6, 1973.]

*Robert F. Craven,* of Indianapolis, for appellants.

*Chester R. Hobbs,* of Salem, for appellees.

ROBERTSON, P.J.—This appeal arises out of an election re-count of ballots cast for the offices of Town Trustee of the Second Ward, Town Trustee of the Third Ward, and Town Clerk-Treasurer of French Lick, Indiana.  As the result of a general election held on November 2, 1971, appellants (respondents below), who were candidates on the "Independent Ticket", were declared the winners of the above named offices and duly issued election certificates.  Thereafter, on November 15, 1971, the appellees (petitioners), who were candidates on the "Peoples Ticket" and opposed appellants for the respective offices, filed a petition for recount in the Orange

Circuit Court. On November 19, 1971, the court upon a petition for impoundment on behalf of appellees ordered all election records, including counted, mutilated and used ballots pertaining to the election of the disputed offices impounded.

Subsequent to various other proceedings, appellees filed a motion for change of venue of judge, which was granted, and a special judge was appointed. Appellants also filed a motion to dismiss which charged that appellees' petition for recount failed to allege the necessary averments as to enable the court to assume jurisdiction over the subject matter.

On January 4, 1972, the court overruled appellants' motion to dismiss, appointed recount commissioners and ordered the recount held on January 12, 1972.

Prior to the recount, appellants filed a motion to reconsider, to stay the order of recount, and a request for a hearing thereon, all of which were overruled. Thereafter, appellants filed their answer to the petition for recount and on January 14, 1972, the recount commission returned its certificate showing appellants to have lost the election, whereupon the court ordered election certificates to be issued to the respective appellees. Appellants then filed a motion to correct errors which the court overruled.

In support of the errors alleged in the motion to correct errors, appellants advance the following arguments on appeal:

1) the court's decision in overruling appellants' motion to dismiss was contrary to law in that the appellees' petition for recount was insufficient as a matter of law and the court had no jurisdiction to hear the cause;

2) the court erred in refusing to hear evidence on the recount petition and in granting appellees the relief prayed for on the basis of unsupported allegations and without evidence;

3) the court erred in granting the petition for recount when the ballots were not protected as required by law.

Relating to appellants' first argument, it is contended that appellees' petition for recount failed to comply with the mandatory statutory requirements as set forth in IC 3-1-27-5, Ind. Ann. Stat. § 29-5405 (Burns 1969), pertinent portions of which read:

> "Each such petition shall state the office and the precinct or precincts within the county in respect of which the petitioners desires a recount; that he was a candidate at such election for such office and that the office was voted upon in the precinct or precincts specified; the name and post-office address of petitioner's opposing candidate or candidates; . . . ."

More specifically, appellants argue that the appellees failed to comply with the statute in that the recount petition did not allege the post-office address of their opponents although such information was available to them, nor did it specify in which precinct or precincts the recount was sought.

We are in agreement with the contention advanced on behalf of appellants that a petition for recount which fails to comply with the statutory requirements is jurisdictionally defective and confers no power on the court to act upon it. *State ex rel. Locks* v. *Peak, J. etc., et al.* (1958), 238 Ind. 468, 151 N.E.2d 809. *State ex rel. Wever* v. *Reeves* (1951), 229 Ind. 164, 96 N.E.2d 268. However, we are unable to agree that the petition in the instant case was fatally defective and should have been dismissed.

An examination of appellees' recount petition reveals that while the opposing candidates' post-office address was not included in the body of the petition, the words "French Lick, Indiana" did appear after the respondents' names in the caption of the petition. While the foregoing designation may not have been the best method of satisfying the statutory requirement, nor would it be sufficient in a large city, we are of the opinion that in light of the relatively small size of French Lick, Indiana, of which we take judicial

notice, appellees' petition did comply, although minimally, with the statutory mandate as to stating the post-office address of the opposing candidates. Such a conclusion further appears to be warranted by Indiana case law which has heretofore recognized that in regard to election contest proceedings, and we think equally so as to recount proceedings, the legislature did not intend strict technical rules of pleading but rather liberal rules in order that the purpose of the statute might be accomplished. *Wilson* v. *Niesse* (1969), 251 Ind. 639, 244 N.E.2d 436. *Brown* v. *Grzeskowiak* (1951), 230 Ind. 110, 101 N.E.2d 639, 102 N.E.2d 372; *Martin* v. *Youngblood* (1937), 211 Ind. 647, 7 N.E.2d 997.

Appellants further allege that appellees' recount petition was jurisdictionally defective in that it did not allege the precinct or precincts in which the recount was sought as required by Burns § 29-5405, *supra*. Appellees' petition averred that a recount was sought as to all the votes cast for the offices of Town Trustee of the Second Ward, Town Trustee of the Third Ward and Town Clerk-Treasurer (who is elected by the town at large). While appellees confess that such an averment did not technically comply with the statute, they urge that by the use of the term "wards" the petition clearly stated the electoral districts in which the recount was sought and was thereby sufficient to satisfy the purpose of the statutory requirement. It is further argued by appellees that by specifying wards rather than precincts the petition more clearly indicated the votes to be recounted than if the word "precinct" had been used. Especially is this true, appellees contend, in those instances where the voting precincts are not co-extensive with a town's corporate limits. It is relevant to this issue to note that IC 18-3-1-16, Ind. Ann. Stat. § 48-144 (1972 Supp.) provides for the election of a town trustee from each "ward".

While neither party is able to cite, nor are we aware of any, authority for their respective arguments on this issue,

we believe that under the circumstances of this case the use of the term "wards" rather than "precincts" was in substantial compliance with the statute and, moreover, that a minor deviation from the statutory language which does not subvert the intended purpose of the statute but in fact is in furtherance of that purpose ought not to invalidate the entire proceeding.

Appellants next argue that they were denied their day in court because the trial court did not hear evidence on the recount petition after the issues were joined by appellants' answer. It should first be stated in regard to this issue that IC 3-1-27-9, Ind. Ann. Stat. § 29-5409 (Burns 1969) neither expressly provides for nor contemplates a hearing, but to the contrary mandates the trial court to grant the petition once all the other statutory prerequisites are satisfied:

> "Upon the filing of such petition and undertaking the court or the judge thereof in vacation *shall,* upon the expiration of twenty-five [25] days after such election and upon proof of service of said notice or notices, grant such petition and cross-petition or cross-petitions as may have been filed and order the recount of such votes in such precinct or precincts, and if there is a consolidation of such petitions and cross-petitions, the court shall by consolidated order grant such consolidated petitions and cross-petitions and shall order a consolidated recount of all votes in all precincts in such county specified and requested in such petitions and cross-petitions. In either case the court or the judge thereof in vacation *shall* appoint a recount commission of three [3] members to make the recount or recounts ordered, and the commission shall in the same process recount all of the votes ordered recounted." (Emphasis added)

Furthermore, the Indiana Supreme Court in construing both the present and the former election recount statutes has held that the trial court has no discretion other than to appoint the recount commissioners and order the recount. *State ex rel. Jordan* v. *Warren Cir. Ct.*

*etc., et al.,* (1959), 239 Ind. 351, 157 N.E.2d 732. *State ex rel. Lord* v. *Sullivan, Judge* (1938), 214 Ind. 279, 15 N.E.2d 384. By virtue of the foregoing authority and the mandatory import of Burns § 29-5409 *supra,* we arrive at the conclusion that in this action the trial court properly ordered the recount without hearing evidence on the merits of appellees' petition.

Of final consideration is appellants' contention that the recount petition should not have been granted because the ballots were not protected as required by law. The only evidence before this court on this issue are affidavits attached to appellants' motion to correct errors alleging that the town clerk failed to secure and protect the ballots as required by IC 3-1-5-12, Ind. Ann. Stat. § 29-3212 (Burns 1969). Since this issue has not been previously adjudicated at the trial level, appellants are in essence seeking a de novo determination on appeal. We do not believe that such a determination is based solely on alleged facts sworn to in affidavits, the validity of which we cannot pretend to know, and not on any evidence admitted in an adversary proceeding on the merits of this issue. We do not believe that such a review is or should be available on appeal without there first being an adversary trial proceeding in which such significant matters as the admissibility and weight of evidence, and the competency and credibility of witnesses could be considered. We are further of the belief that appellants were not without a remedy to obtain a hearing on the merits of this issue as their previously discusesd argument might imply. It is clear that the legislature had exactly this type of situation in mind when it enacted IC 3-1-28-4, Ind. Ann. Stat. § 29-5504(b) [Burns 1969], providing for an election contest suit under the following circumstances:

> "Any candidate who was first certified by the county board of canvassers as having received the highest number of votes for the nomination or election to an office, may,

within ten [10] days after the recount commission makes and signs its certificate showing another candidate received the highest number of votes, file his petition for contest for the purpose of adjudicating the nomination or title to the office for which he was a candidate in like manner as other contests are herein provided insofar as applicable and not in conflict with this subsection."

Appellants clearly fall within the purview of this statute and accordingly they should have brought a contest suit in order to properly challenge the conduct of the recount before attempting to appeal on that issue. Furthermore, appellants could have attacked appellees' title to office by virtue of alleged irregularities in the recount in a quo warranto proceeding.

Having found no reversible error the judgment of the trial court is affirmed.

Judgment affirmed.

Lowdermilk and Lybrook, J.J., concur.

NOTE.—Reported at 299 N.E.2d 848.