**STATE of Indiana ON the RELATION OF Tom CRAWFORD, Relator,**

v.

**The DELAWARE CIRCUIT COURT and the Honorable Steven Caldemeyer as Judge Thereof, Respondents.**

No. 18S00–9411–OR–1136.

Supreme Court of Indiana.

Sept. 19, 1995.

Ana M. Quirk, Quirk & Rivers, Muncie, for Tom Crawford.

Richard E. Kreegar, Kreegar & McCord, Chersterfield, for Ellen R. Nixon.

**ORIGINAL ACTION**

SULLIVAN, Justice.

In this original action, we address the proper procedures to be followed by a trial court when presented with a timely motion for a change of venue from judge in a local election recount proceeding filed pursuant to Ind.Code § 3–12–6 (1993).

---

*Facts*

Ellen R. Nixon and Tom Crawford were candidates for the office of Trustee of Salem Township, Delaware County, in the 1994 general election. On November 15, 1994, Nixon filed a verified petition for recount pursuant to Ind.Code § 3–12–6–2 (1993) in the Delaware Circuit Court. On November 17, Crawford filed a verified cross-petition for recount pursuant to the same statute and a motion for change of venue from judge. On the same day, the Circuit Court denied the motion for change of judge on grounds that the court was "acting only in an administrative capacity." On November 23, the Circuit Court appointed recount commissioners pursuant to Ind.Code § 3–12–6–14 (1994). On November 29, Crawford brought an original action in this court seeking a writ of mandamus against the Circuit Court and the judge thereof (i) to compel the granting of the motion for change of judge and (ii) to set aside the appointment of recount commissioners. On December 8, 1994, we granted the requested writ, mandating that the court both grant the motion for change of judge and set aside and vacate its order appointing recount commissioners. We write now to explain our decision.

### I

■ We reaffirm our holding in *State ex rel. Miller v. Reeves* (1954), 233 Ind. 449, 120 N.E.2d 409, that a party to a recount proceeding is entitled to exercise the automatic "change of venue from judge" rights available in civil actions in Indiana.

The argument against a change of judge in recount proceedings is twofold. First, the local election *recount* statute does not grant such a right and the counterpart local election *contest* statute explicitly does grant such a right.[1] *Cf.* Ind.Code § 3–12–6 (1993) (the local election recount chapter) *with* Ind.Code § 3–12–8–15 (1993) (providing an automatic change of judge pursuant to the Trial Rules in local election contests). If the legislature had intended parties to recount proceedings to have an automatic change of judge, this line of reasoning goes, it would have provided a counterpart provision to Ind.Code § 3–12–8–15 in Ind.Code § 3–12–6. Second, Ind.Trial Rule 76(B) provides for automatic change of judge in "civil actions." However, recount proceedings are arguably not civil actions but statutory proceedings more akin to administrative actions.

Nevertheless, we believe that the right to an automatic change of judge should be available to parties in recount proceedings and hold that T.R. 76(B) is applicable to such proceedings. First, the legislature's intent in procedural matters is not determinative. This court's rules of procedure prevail over any statute or statutory construction. Ind. Code § 34–5–2–1 (1993); *Harrison v. State* (1995), Ind., 644 N.E.2d 1243, 1251 n. 14; *Hawkins v. Auto–Owners (Mutual) Ins. Co.* (1993), Ind., 608 N.E.2d 1358, 1359, *overruled on other grounds*. Second, while a recount proceeding undeniably has some characteristics of an administrative action and the trial court is under a duty to perform certain actions, several aspects of the recount proceeding lead us to conclude that it is a civil action, at least for purposes of applying the Trial Rules. A local election recount is filed in a court and is, therefore, conducted under the auspices of the judicial branch.[2] Second,

---

**1.** In a election *recount* proceeding, the votes cast for an office in an election are recounted in response to one or more candidate's good faith belief that the votes cast were not correctly counted and returned. Ind.Code §§ 3–12–6–1 and 3(5) (1993). In an election *contest* proceeding, the nomination or election of a candidate is adjudicated and determined following an unsuccessful candidate's or a voter's allegation that (i) the successful candidate does not meet applicable constitutional or statutory requirements, or (ii) it is impossible to determine which candidate received the highest number of votes because of

a mistake in the printing or distribution of ballots, a mistake in the programming of a voting machine or electronic voting system, or a malfunction of a voting machine or electronic voting system. Ind.Code §§ 3–12–8–1 and 6(a)(3) (1993).

**2.** In contrast, petitions for recounts in federal, statewide, and state legislative elections are filed with the secretary of state and the recount is conducted under the auspices of the administrative branch. Ind.Code § 3–12–10–4 (1993). *See generally State ex rel. Jacobs v. Marion Circuit Court* (1994), Ind., 644 N.E.2d 852.

a party seeking a recount has the discretion to file in either the circuit or superior court of the county in which the recount is desired. Ind.Code § 3–12–6–2 (1993). Third, the presiding judge of the court in which the petition has been filed has discretion to name the *particular* members of the recount commission (although the statute admittedly establishes specific qualifications for each member). Ind.Code §§ 3–12–6–14 and 16 (1993). We believe that these characteristics of a recount proceeding implicate the policies underlying the automatic change of judge rule in civil cases and support the application of the rule to such a proceeding.

We were faced with almost the same issue in *State ex rel. Miller v. Reeves, supra.* In *Miller,* the apparently successful candidate in a primary election sought a writ to compel the Circuit Court to grant a change of venue from the judge in a combined election contest and recount proceeding. The Circuit Court had acknowledged the right of the candidate to a change of judge in the contest proceeding but not the recount proceeding. We granted the writ, holding that the candidate-relator was entitled to a change of judge immediately and was not required to wait until the vote recount had been completed. *State ex rel. Miller,* 233 Ind. at 451, 120 N.E.2d at 409.[3]

## II

■ In her response to the writ petition, Nixon does not directly argue that the automatic change of judge rule should not apply in recount proceedings but, rather, that even if we should decide that the trial court erred in denying the motion for change of judge, we should affirm the trial court's subsequent action in appointing recount commissioners. Nixon points to cases holding that the trial court in recount proceedings has a mandatory duty to appoint recount commissioners and that in exercising such duty, the court "acts ministerially and not judicially." *State ex rel. Rawlings v. Reeves* (1951), 229 Ind.

164, 172, 96 N.E.2d 268, 271. *Accord, Taylor v. Burton* (1973), 157 Ind.App. 267, 271, 299 N.E.2d 848, 851. As such, Nixon contends that the trial court acted properly in appointing recount commissioners—indeed, was under an absolute duty to do so. It has long been the rule in our state that an application for a change of judge does not prevent a trial court from acting on emergency matters until the new judge has qualified. *Indianapolis Dairymen's Co-op v. Bottema* (1948), 226 Ind. 260, 265, 79 N.E.2d 409, 411; *Piskorowski v. Shell Oil Co.* (1980), Ind.App., 403 N.E.2d 838, 842. Nixon argues that the same principle should be applied here. She contends that the naming of the recount commission is akin to, if not the same as, the exercise of emergency authority which we permit during the pendency of changes of judge. As such, she urges that regardless of whether the trial court properly denied the motion for change of judge or not, the action of the trial court in appointing the recount commissioners should not be set aside.

While we recognize that the trial court is under a mandatory duty to appoint recount commissioners and recognize as well that there may well be certain emergency action relating to the security of ballots and election paraphernalia that the trial court should take during the pending of a change of judge motion,[4] we hold that it was error for the trial court to appoint recount commissioners here. Once the voting material and equipment are secured, we do not find the appointment of recount commissioners to be of such an emergency nature that it cannot await the qualification of the new judge. And we believe that the party seeking the change of judge may very well do so for the express purpose of preventing the presiding judge from being able to pick the members of the recount commission.[5]

### Conclusion

For the reasons set forth above, we granted the writ requested, directing the trial

---

3. We observe that motions for change of judge have been granted without apparent objection or controversy in several recount cases which have produced reported decisions. *State ex rel. Arredondo v. Lake Circuit Court* (1979), 271 Ind. 176, 391 N.E.2d 597; *Taylor v. Burton* (1973), 157 Ind.App. 267, 299 N.E.2d 848.

4. In particular, we believe that, pursuant to its emergency authority, the trial court should pro-

ceed to order the impoundment of voting materials and equipment pursuant to Ind.Code § 3–12–6–19 (1993), notwithstanding the pendency of a change of judge motion.

5. An otherwise timely change of judge motion filed after the appointment of recount commissioners would not invalidate the appointment. In this case, however, the change of judge motion was filed prior to the appointment of the recount commissioners.

court to grant the motion for a change of venue from judge and vacate the appointment of recount commissioners.

SHEPARD, C.J., and DeBRULER, DICKSON and SELBY, JJ., concur.