**STATE of Indiana, Appellant,**

v.

**Jesse SNIDER, Appellee.**

**No. 08A04–0806–CR–379.**

Court of Appeals of Indiana.

Aug. 8, 2008.

ORDER

The State of Indiana has filed a Petition for Writ in Aid of Appellate Jurisdiction (Petition), in which the State challenges the propriety of the trial court's June 26, 2008 order and "requests this Court to order the trial court to rescind its order disallowing the State's appeal and order the preparation of the necessary appellate documents." Petition at 1.

Having reviewed the record and legal arguments of the parties in this matter, the Court now finds the following facts, enters the following conclusions of law, and orders accordingly:

1. The State acknowledges that it is appealing Snider's motion to suppress, which was granted by the trial court on April 17, 2008.

2. Rather than appealing from that ruling within 30 days, or by Monday May 19, 2008, under Ind. Appellate Rule 9(A)(1), the State chose to file its own motion to dismiss on June 12, 2008, which motion was granted by the trial court that same day.

3. The State then filed its notice of appeal on June 25, 2008 seeking to appeal the trial court's decision to grant Snider's motion to suppress that had been entered on April 17, 2008, some 55 days earlier.

4. On June 26, 2008, the trial court deemed the State's notice of appeal untimely and directed the clerk of the trial court not to assemble the record and the court reporter not to transcribe any hearings in this case unless directed by this Court to do so.

5. Thereupon, the State filed this Petition for Writ in Aid of Appellate Jurisdiction, which brings this matter before us.

6. The State claims its decision to ignore the 30–day deadline triggered by the April 17, 2008 ruling on Snider's motion to suppress is authorized by Ind.Code § 35–38–4–2(1) and by *State v. Price*, 724 N.E.2d 670, 673 (Ind.Ct.App.2000), *trans. denied.*

7. We respectfully disagree with the holding and rationale in *State v. Price* and instead follow the rationale that a trial court's grant of a defendant's motion to suppress is "tantamount to a dismissal of the action" and is "appealable as a final judgment under subsection (5)" of I.C. § 35–38–4–2. *State v. Williams*, 445 N.E.2d 582, 584 (Ind.Ct.App.1983). *See also State v. Tindell*, 272 Ind. 479, 399 N.E.2d 746, 747 (1980); *State v. Morris*, 732 N.E.2d 224, 226 n. 1 (Ind.Ct.App.2000); *State v. Pease*, 531 N.E.2d 1207, 1209 (Ind. Ct.App.1988); *State v. Watkins*, 515 N.E.2d 1152, 1153 n. 1 (Ind.Ct.App.1987), *reh'g denied; State v. McLaughlin*, 471 N.E.2d 1125, 1129 (Ind.Ct.App.1984), *reh'g denied, overruled on other grounds; State v. Blake*, 468 N.E.2d 548, 550 (Ind.Ct.App. 1984).

8. We reach this conclusion under our obligation to harmonize statutes concerning the same subject matter when at all possible. *See Merritt v. State*, 829 N.E.2d 472, 475 (Ind.2005).

9. To allow the State to wait any length of time it chooses to appeal a suppression order governed by I.C. § 35–38–4–2(5) by filing its own motion to dismiss and then appealing the trial court's decision granting that motion under I.C. § 35–38–4–2(1) would be, at the very least, violative of basic notions of fairness.

10. The State's Petition is now therefore denied, and the State's appeal in this case is now dismissed with prejudice as untimely.

11. The Clerk of this Court is directed to mark this Order as For Publication and to publish it to the appropriate sources where opinions and decisions of this Court are published.

12. The Clerk of this Court is directed to mail *and* fax copies of this Order to the parties, to the Honorable Donald E. Currie of the Carroll Circuit Court, and to the Carroll Circuit and Superior Courts Clerk.

13. The Clerk of this Court is also directed to mail copies of this Order to the Indiana Prosecuting Attorneys Council (IPAC) at 302 West Washington Street, Room E–205, Indianapolis, Indiana 46204, and to the Indiana Public Defender Council (IPDC) at 309 West Washington Street, Suite 401, Indianapolis, Indiana 46204.

14. The Carroll Circuit and Superior Courts Clerk is directed to file a copy of this Order under Lower Cause Number 08C01–0710–FC–31, and, pursuant to Indiana Trial Rule 77(D), the Clerk shall place the contents of this Order in the Record of Judgments and Orders.

BAILEY, MATHIAS, J.J., HOFFMAN, SR. J., concur.