**STATE of Indiana, Appellant–Plaintiff,**

v.

**Kelly HUNTER, Appellee–Defendant.**

**No. 31A01–0806–CR–296.**

Court of Appeals of Indiana.

April 17, 2009.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Bart M. Betteau, Betteau Law Office, LLC, New Albany, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

The State appeals from the trial court's grant of Kelly Hunter's motion to suppress evidence. We do not reach the merits of the State's appeal, however, because the State did not timely file its notice of appeal.

We dismiss.

### FACTS AND PROCEDURAL HISTORY

On September 11, 2006, police officers raided a hotel room and arrested Hunter and others. Officers found evidence of methamphetamine use in the hotel room, and after searching Hunter's purse, officers found an illegal automatic knife and coffee filters with methamphetamine residue on them. Officers subsequently obtained a search warrant and found methamphetamine in the hotel room. The State charged Hunter with five felonies and two misdemeanors.

Hunter moved to suppress both the evidence police found in her purse and in the hotel room. The trial court denied that motion. Hunter then filed a motion to correct error, and, on February 22, 2008, the trial court granted the motion to correct error "in that the items found as [a] result of [the] search of [Hunter's] purse should be suppressed." Appellant's App. at 7.

On April 14, the State filed a notice of appeal. And on April 24, the State moved to dismiss the charges against Hunter without prejudice. The trial court granted the motion to dismiss on April 25.

## DISCUSSION AND DECISION

 We do not reach the merits of the State's appeal. The timely filing of a Notice of Appeal is a jurisdictional prerequisite. *See Marlett v. State*, 878 N.E.2d 860, 864 (Ind.Ct.App.2007) ("This court lacks subject matter jurisdiction over cases that are not timely initiated."), *trans. denied; Trinity Baptist Church v. Howard*, 869 N.E.2d 1225, 1227 (Ind.Ct.App.2007), *trans. denied.* Failure to conform to the applicable time limits results in forfeiture of an appeal. Ind. Appellate Rule 9(A)(5). Here, the trial court's order granting Hunter's motion to correct error and suppressing evidence was entered on February 22, 2008. The State filed its Notice of Appeal on April 14, 2008, more than thirty days after the trial court's order, in violation of Indiana Appellate Rule 9(A)(1).[1]

The State contends that its notice of appeal was timely because it was filed within thirty days of the State "determining the suppression ruling was a final judgment." Reply Brief at 3. The State maintains that "it is the State's determination as to the fatal result to its case, and not the suppression ruling itself, that renders a suppression ruling appealable by the State." *Id.* at 4. In support of its contention, the State relies on Indiana Code Section 35-38-4-2(5), which provides

that the State may appeal "[f]rom an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution."

But this Court has held that "[t]o allow the State to wait any length of time it chooses to appeal a suppression order governed by I.C. § 35-38-4-2(5) ... would be, at the very least, violative of basic notions of fairness." *State v. Snider*, 892 N.E.2d 657, 658 (Ind.Ct.App.2008) (denying State's petition for writ in aid of appellate jurisdiction where State filed notice of appeal fifty-five days after grant of suppression motion). A trial court's grant of a defendant's motion to suppress is "tantamount to a dismissal of the action" and is "appealable as a final judgment under subsection (5)" of Indiana Code Section 35-38-4-2. *Id.* (quoting *State v. Williams*, 445 N.E.2d 582, 584 (Ind.Ct.App.1983)).

 Whether there is a final, appealable order is a question of law and not delegated or left to the discretion of a party.[2] Here, the State had thirty days from February 22, 2008, when the trial court granted Hunter's motion to correct error granting her motion to suppress evidence, to file its notice of appeal. Thus, the State's notice of appeal, filed on April 14, fifty-two days after the suppression order, was un-

---

1. A motions panel of this Court denied Hunter's motion to dismiss this appeal. But we may reconsider a ruling by the motions panel where there is "clear authority" establishing that the motions panel "erred as a matter of law." *Oxford Fin. Group, Ltd. v. Evans*, 795 N.E.2d 1135, 1141 (Ind.Ct.App.2003). As we discuss below, we hold that the State's notice of appeal was untimely as a matter of law.

2. The State's reliance on *State v. Price*, 724 N.E.2d 670 (Ind.Ct.App.2000), *trans. denied*, and *State v. Pease*, 531 N.E.2d 1207 (Ind.Ct. App.1988), is not well-taken. The State cites *Price* and *Pease* to support its contention that "a trial court's suppression ruling is not a

'final order' *until the State seeks dismissal of its case* because the prosecutor has determined that it can find no other evidence to support the charges." Reply Brief at 6 (emphasis added). But here, the State did not file a motion to dismiss the charges against Hunter until ten days *after* it had filed its notice of appeal. Thus, even if we were to accept the State's argument, there was no final, appealable order when the State filed its notice of appeal here. Regardless, we adopt the sound reasoning in *Snider*, in which we expressly rejected the holding and rationale in *Price*.

timely as a matter of law. *See* App. R.
9(A); *see also Snider,* 892 N.E.2d at 658.

Dismissed.

FRIEDLANDER, J., and VAIDIK, J.,
concur.