# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**DAVID M. SEITER**
Garrison Law Firm, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1108-CR-743 |
| | ) | |
| ELVIS HOLTSCLAW, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben B. Hill, Judge
Cause No. 49F18-1004-FD-029400

**February 16, 2012**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

The State of Indiana appeals the denial of its motion to correct error following the trial court's order granting defendant Elvis Holtsclaw's ("Holtsclaw") motion to suppress evidence. The parties raise two issues for our review, one of which we find dispositive: whether the State's appeal should be dismissed as untimely. We dismiss.

**Facts and Procedural History**

On April 13, 2010, after an investigation that included two chemical tests, the State charged Holtsclaw with Operating a Motor Vehicle While Intoxicated Causing Serious Bodily Injury, as a Class D felony;[1] Operating a Motor Vehicle with a Blood Alcohol Concentration at 0.08% or Higher Causing Serious Bodily Injury, as a Class D felony;[2] Operating a Motor Vehicle While Intoxicated, as a Class A misdemeanor;[3] and Operating a Vehicle with a Blood Alcohol Content Between 0.08% and 0.15%, as a Class C misdemeanor.[4] On November 3, 2010, Holtsclaw moved to suppress the chemical tests that supported his charges. The trial court held a hearing on Holtsclaw's motion on February 8, 2011, and granted it on May 23, 2011. The State then filed a motion to correct error on June 21, 2011 that the trial court denied on July 25, 2011.

On August 16, 2011, the State dismissed all charges against Holtsclaw.[5] On August

---

[1] Ind. Code § 9-30-5-4(a)(3).
[2] I.C. § 9-30-5-4(a)(1)(B).
[3] I.C. § 9-30-5-2.
[4] I.C. § 9-30-5-1(a).
[5] The State's motion to dismiss indicates that the trial court dismissed some of Holtsclaw's charges when it granted his motion to suppress. Consequently, the State's motion to dismiss sought to dismiss "all remaining counts" against Holtsclaw. App. 71. However, the trial court did not announce dismissal of any charges when

2

18, 2011, the State filed its notice of appeal. The State appeals from both the trial court's order granting Holtsclaw's motion to suppress and the trial court's order denying its motion to correct error.

## Discussion and Decision

Holtsclaw argues that the State's appeal should be dismissed because the State is not permitted to appeal the denial of a motion to correct error, and its appeal of the trial court's order granting the motion to suppress is untimely. The State may appeal from criminal proceedings only when authorized by statute. State v. Gradison, 758 N.E.2d 1008, 1010 (Ind. Ct. App. 2001); State v. Peters, 637 N.E.2d 145, 147 (Ind. Ct. App. 1994); State v. Pease, 531 N.E.2d 1207, 1208 (Ind. Ct. App. 1988). "Unless there is a specific grant of authority by the legislature, the State cannot appeal." Pease, 531 N.E.2d at 1208. The State's statutory right to appeal is in contravention of common law principles, and will therefore be strictly construed. Id. As our supreme court has stated:

> Generally speaking, under the common law as understood and administered in this country, the state or United States had no right to an appeal or writ of error in criminal cases. It is [understood] that the reason for such a policy was built on the idea that, when the state in its sovereign capacity brought a citizen in its own tribunals, before its own officers, and in obedience to its own processes, and lost, its avenging hand should be stayed except in unusual cases where the power to appeal was expressly conferred.

State v. Sierp, 260 Ind. 57, 60, 292 N.E.2d 245, 246 (1973) (quoting 92 A.L.R. 1137) (quotation marks omitted).

---

it orally granted Holtsclaw's suppression motion on May 23, 2011, so it is unclear which charges the trial court purportedly dismissed before the State moved to dismiss all charges.

3

The statute governing the authority of the State to appeal in criminal matters provides:

Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases:

(1) From an order granting a motion to dismiss an indictment or information.

(2) From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.

(3) From an order <u>granting</u> a motion to correct errors.

(4) Upon a question reserved by the state, if the defendant is acquitted.

(5) <u>From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.</u>

(6) From any interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

(A) the appellant will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;

(B) the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or

(C) the remedy by appeal after judgment is otherwise inadequate.

I.C. § 35-38-4-2 (emphasis supplied).

Here, the trial court granted Holtsclaw's motion to suppress on May 23, 2011, which eventually led to the dismissal of all charges. This order was therefore a final judgment that the State could have appealed because "[a] trial court's grant of a defendant's motion to

4

suppress is 'tantamount to a dismissal of the action' and is 'appealable as a final judgment under subsection 5' of Indiana Code Section 35-38-4-2." State v. Hunter, 904 N.E.2d 371, 373 (Ind. Ct. App. 2009) (quoting State v. Snider, 892 N.E.2d 657, 658 (Ind. Ct. App. 2008)). The precise timing of the dismissal of Holtsclaw's charges makes no difference because "[w]hether there is a final, appealable order is a question of law and not delegated or left to the discretion of a party." Id.

Rather than immediately appealing the suppression of evidence, the State opted to file a motion to correct error, and when that motion was denied, the State sought to appeal both the denial of the motion to correct error and the order granting the motion to suppress. However, the language of Indiana Code section 35-38-4-2 only confers on the State the authority to appeal an order granting a motion to correct error. It does not confer the authority to appeal from the denial of a motion to correct error. When interpreting a statute, "we will not read into the statute that which is not the expressed intent of the legislature" and "it is just as important to recognize what the statute does not say as to recognize what it does say." N.D.F. v. State, 775 N.E.2d 1085, 1088 (Ind. 2002). Because we must strictly construe the statute, we cannot conclude that the State has the authority to appeal the denial of its motion to correct error in this case.[6]

Without this authority, the State had to file its notice of appeal within thirty days of the trial court's suppression order. See Ind. App. R. 9(A)(1). The State correctly points out

---

[6] There are some instances where the filing of a motion to correct error is a prerequisite for appeal. See Ind. Tr. R. 59(A). We are not presented with one of those instances here, and therefore express no opinion on the State's authority to appeal from the denial of a motion to correct error in those cases.

that "if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion is noted in the Chronological Case Summary or thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first." Id. However, we disagree that this provision "triggered anew" the thirty day period in which the State could appeal the trial court's suppression order. Appellant's Reply Br. p. 4. The thirty additional days provided for in Appellate Rule 9(A) refers to the additional time a party has to appeal the trial court's order on the motion to correct error. As we have already discussed, the State has no authority to appeal the denial of its motion to correct error in this case.

The trial court granted Holtsclaw's motion to suppress on May 23, 2011. The State filed its notice of appeal of this order on August 18, 2011, well after the thirty day deadline. The State's appeal is therefore untimely and must be dismissed. See Ind. App. R. 9(A)(5) ("Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited").

Dismissed.

DARDEN, J., concurs.

BAKER, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

STATE OF INDIANA,               )
                                        )
      Appellant-Plaintiff,        )
                                         )
          vs.                  )     No. 49A02-1108-CR-743
                                         )
ELVIS HOLTSCLAW,         )
                                       )
      Appellee-Defendant.     )

**BAKER, Judge, dissenting**

I respectfully dissent, and part ways with the majority's decision to dismiss this appeal. More specifically, I cannot agree that Indiana Code section 35-38-4-2 precludes the State from appealing the trial court's denial of its motion to correct error in this instance.

Indeed, Indiana Code section 35-38-4-2(5) allows the State to appeal from an order suppressing evidence if that ruling effectively precludes further prosecution. However, there is nothing in the statute that <u>requires</u> the State to pursue the appeal through the interlocutory process. In other words, there is no prohibition in the statute that prevents the State from seeking redress of the trial court's suppression ruling by way of a motion to correct error. <u>State v. Hunter</u>, 904 N.E.2d 371, 373 (Ind. Ct. App. 2009).

7

In accordance with Indiana Appellate Rule 9, an appeal is initiated when a Notice of Appeal is filed within thirty days of a final judgment. However, that period is tolled "if any party files a timely motion to correct error." Id. Moreover, when a motion to correct error is filed, the time to file a Notice of Appeal does not commence until the motion to correct error is either ruled upon or deemed denied.

Here, the basis for the State's appeal is the final judgment with regard to the trial court's granting of the motion to suppress because it effectively ended the prosecution against Holtsclaw. Rather than filing an immediate appeal, the State sought to resolve the issue by filing a motion to correct error. And once the trial court denied the motion to correct error, it is my view that the time for pursuing the appeal began anew, and a Notice of Appeal was required within thirty days to commence the appeal. That is precisely what the State did in this instance when it filed the Notice of Appeal on August 19, 2011, after the trial court had denied the motion to correct error on July 25. Appellant's App. p. 8, 47, 70.

I see nothing in Indiana Code section 35-38-4-2 stating—or even implying—that the language of Appellate Rule 9 should not apply to appeals initiated by the State.[7] In my view, foreclosing the State from seeking redress through a more direct route, such as filing a motion to correct error in circumstances such as these, is simply not a sound application of the language embodied in Indiana Code section 35-38-4-2. Moreover, I do not believe that our General Assembly intended the result reached by the majority in this circumstance when

---

[7] In any event, our Supreme Court's rules of procedure prevail over statutes. State ex rel. Crawford v. Delaware Cir. Ct., 655 N.E.2d 499, 500 (Ind. 1995).

construing the provisions of Indiana Code section 35-38-4-2 and our court rules. Such a holding effectively elevates form over substance, which we are loathe to do. <u>State ex. rel Atty. Gen. v. Lake Sup. Ct.</u>, 820 N.E.2d 1240, 1252 (Ind. 2005).

In short, I do not believe that this case must be dismissed in light of the State's filing of its Notice of Appeal on August 19, 2011. I vote to reinstate the appeal and address the State's claims on their merits regarding the propriety of the trial court's grant of Holtsclaw's motion to suppress.