**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 20 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO-SE:

**CLARENCE A. MARTIN, JR.**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW A. KOBE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLARENCE A. MARTIN, JR. | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  82A01-1008-PC-497 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Carl A. Heldt, Judge
Cause No. 82C01-0708-PC-10

**March 20, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Clarence A. Martin, Jr. appeals the post-conviction court's denial of his petition for post-conviction relief, arguing that its rejection of his ineffective assistance of counsel claim is erroneous. The State cross-appeals arguing that Martin's appeal should be dismissed because his notice of appeal was untimely. Concluding that this court lacks subject matter jurisdiction because Martin's notice of appeal was untimely, we dismiss the appeal.

## FACTS

On July 9, 1998, Martin was sentenced to sixty years for murder. Martin filed a petition for post-conviction relief claiming ineffective assistance of counsel. Following a hearing, the post-conviction court denied his petition on June 28, 2010. On August 27, 2010, Martin filed his notice of appeal, and on December 9, 2011, the State filed a motion to dismiss the appeal because the record does not include the post-conviction transcript. The motions panel denied the motion. Martin now appeals.

## DISCUSSION AND DECISION

On cross-appeal, the State argues that Martin's appeal must be dismissed because he failed to timely file a notice of appeal and to file the record. Indiana Appellate Rule 9(A)(1) provides that a notice of appeal must be filed within thirty days after the entry of a final judgment. The timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal. State v. Hunter, 904 N.E.2d 371, 373 (Ind. Ct. App. 2009). Because Martin filed his

2

appeal more than thirty days after the post-conviction court's entry of final judgment, we dismiss this appeal for lack of subject matter jurisdiction.

Moreover, Martin has failed to include the record necessary to review his claim. Accordingly, he cannot convince us that the post-conviction court's decision was clearly erroneous. See Shepard v. State, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (holding that petitioner must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.))

Appeal dismissed.

KIRSCH, J., and BROWN, J., concur.